LEWIS MONROE

*v.*

THORNTON L. VAN METER *et al.*

*Filed at Springfield September 30, 1881.*

1. FREEHOLD—*as affecting right of appeal.* Where an interpleader is filed in an attachment suit, by a third person claiming title to the land levied upon, and the plaintiff in attachment claims that the defendant in the writ has a life estate, upon which an issue is formed as to the ownership of the land at the time of the levy, and a trial is had, a freehold is involved, and an appeal lies directly from the trial court to this court.

2. CURTESY—*requisites to estate.* There are four things necessary to make a tenancy by the curtesy: marriage, seizin of the wife, issue born, and death of the wife. If no issue is born prior to the time the estate was abolished, July 1, 1874, the marriage, seizin and death of the wife will not invest the husband with the estate.

3. Will—*devise to a married woman, when excludes estate of curtesy in husband.* Where a testator provided in his will that no part of the property given to his married daughter should ever, in any event, be liable, in whole or in part, towards the payment of any debt of her husband, but that all of it should be held and kept free from such liability, it was *held,* that by necessary implication the husband of the devisee was excluded from any estate by the curtesy, even if that had not been abolished by statute.

Appeal from the County Court of Coles county; the Hon. J. R. Cunningham, Judge, presiding.

Mr. A. J. Fryor, for the appellant:

"When a man marries a woman seized at any time during the coverture of an estate of inheritance in severalty, in coparcenary, or in common, and hath issue by her born alive, and which might by possibility inherit the same estate, as heir to the wife, and the wife dies in the lifetime of the husband, he holds the land during his life by the curtesy." Blackstone's Com. book 2d, p. 126 (Sharswood edition); 4 Kent's Com. p. 27.

Curtesy was not abolished by Married Woman's act of 1861. *Armstrong et al.* v. *Wilson,* 60 Ill. 227; *Cole* v. *Van Riper,* 44 id. 58; *Clark* v. *Thompson,* 47 id. 26; *Beach* v. *Miller,* 51 id. 206; *Rose* v. *Sanderson,* 38 id. 247.

If there be a limitation of a legal estate to a woman and her heirs, with a condition annexed that her husband, after issue, shall not be tenant by the curtesy, he shall, notwithstanding, be entitled to it, for such a condition is void, being repugnant to the nature of the gift, of which curtesy is one of the incidents. Clancy's Husband and Wife, p. 191; *Mildmay's case,* 6 Rep. 41; 1 Washburne on Real Prop. 133, par. 15.

"But if there be a gift of an equitable estate of inheritance, accompanied by an express provision that the husband shall not be tenant by the curtesy, a court of equity will enforce a compliance with the intention of the donor." Clancy's Husband and Wife, page 191.

Under the statute relating to attachments, the right of a third party to interplead extends to real estate which may be attached. *City Ins. Co.* v. *Commercial Bank,* 48 Ill. 349; *Williams* v. *Van Meter,* 19 id. 293.

This being a suit in attachment, the levy involves the freehold, and the appellees having the right to interplead, and having done so, directly involves the freehold interest of James Van Meter.

Messrs. DUNN & CONNOLLY, for the appellees:

The estate by the curtesy having been abolished July 1, 1874, it became necessary for the appellant to show that the estate was vested in James Van Meter before that date. This he has failed to do. He has shown the marriage, seizin and death of the wife, but he has failed to show the birth of issue before the statute took effect. "There are four requisites necessary to make a tenancy by the curtesy: marriage, seizin of the wife, issue, and death of the wife." 1 Blackstone's Com. 127.

Until the birth of issue the husband has no interest in his wife's lands. Until that time no right whatever vests in him, for he is not even tenant by the curtesy initiate before that event. *I. B. and W. Ry. Co.* v. *McLaughlin,* 77 Ill. 275.

"As soon as a child is born, the husband's right to curtesy is said to be initiate, and is consummate only upon the wife's death." 1 Washburne on Real Prop. 140.

When the settler or testator so wills, the husband may be excluded from the curtesy, though the wife is seized of an estate of inheritance. *Stokes* v. *McKibben,* 13 Pa. St. 267; *Morgan* v. *Morgan,* 2 Mad. 408; *Bennett* v. *Davis,* 2 P. Wms. 316; *Hearle* v. *Greenbank,* 3 Atk. 660; *Cochran* v. *O'Hern,* 5 W. & S. 95; *Rigler* v. *Cloud,* 14 Pa. St. 361; *Pool* v. *Blakie,* 53 Ill. 495.

Since the act of 1861, the husband has no control over his wife's lands, and no interest in them subject to execution.

His interest, "at best, is now a bare possibility." *Martin* v. *Robson,* 65 Ill. 129; *Cole* v. *Van Riper,* 44 id. 58; *Beach* v. *Miller,* 50 id. 206. This bare possibility is not liable for his debts, and all that can be affected by the fifth clause of the will is the estate by the curtesy after the wife's death. If that is not affected, the whole clause is without meaning.

Since the power exists, where the intention is expressed, to limit the estate so as to exclude the husband's curtesy, there is no reason why the right should not be enforced in a court of law. But whether legal or equitable, appellees' rights may be preserved in this proceeding. These appellees interplead under the statute, sec. 29, chap. 11, Rev. Stat. 1874, p. 157. Under this section, the right exists where real estate only is attached. *Williams* v. *Van Meter,* 19 Ill. 293; *City Ins. Co.* v. *Commercial Bank,* 68 id. 348; *Gardner et al.* v. *Com. Nat. Bank,* 95 id. 298.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an action of attachment, brought by Lewis Monroe against James Van Meter, a levy having been made on certain real estate in Coles county. Appellees appeared and interpleaded, claiming to own the property levied upon under the writ of attachment. Upon a trial of the issue presented by the pleadings the court found in favor of appellees, and rendered judgment against the plaintiff in the attachment for costs. To reverse this judgment an appeal was taken to this court.

The first question presented by the record is, whether an appeal will lie directly to this court. If a freehold is involved, then the appeal was properly taken; otherwise it will have to be dismissed. In an ordinary attachment, where a levy is made upon real estate, it is plain that a freehold would not be involved. But in this case, after the writ had been levied on the real estate involved, appellees, who were not parties to the proceeding, appeared, as they had the right to do under

sec. 29, Rev. Stat. 1874, p. 157, and interpleaded, claim-
ing to own the property. In the plea it was, among other
things, averred "that they are the owners in fee simple of the
said property so levied on and attached, and this they are
ready to verify," etc. To the interpleader the plaintiff filed
a replication, in which he averred "that the said James L.
Van Meter had, at the time of the levy of the attachment writ
in this case upon the lands in said interpleader mentioned,
a life estate in the said premises and lands, and now has
such life estate," etc. To this replication a rejoinder was
filed by appellees, in which they averred that they were the
owners in fee of the premises, as set up in their plea of inter-
pleader, and that the said James L. Van Meter did not, at the
time of the levy of the writ of attachment, or at any other
time, have a life estate in the premises.

It will be observed, that under the pleadings the issue
made and to be determined by the evidence was one of title
to the land levied on by the writ of attachment. On the one
hand it was claimed that the defendant in the attachment
owned a life estate in the premises, while on the other hand
appellees, who were his children, claimed that he had no title
whatever to the property, and that they were the owners in
fee. A freehold is always involved in an action where the
title to the land is presented and in issue between the parties.
Here a freehold was as clearly involved as it would have been
had appellees brought an action of ejectment against James
Van Meter to recover the possession of the land. Under the
pleadings and evidence there was but one question before the
court, and that was whether James Van Meter had title to the
land at the time the attachment was levied; and in the
determination of that question there can be no doubt in
regard to a freehold being involved.

We now come to the merits of the case. The court, on
the hearing of the evidence, found that appellees owned the
premises, and that James Van Meter, the defendant in the

attachment, had no interest therein, and it is urged that this finding is erroneous. The premises originally belonged to Thornton Lewis, who died in 1872, testate, devising the premises to his daughter, Fannie L. Van Meter, who was the wife of James Van Meter and the mother of appellees. Fannie L. Van Meter died in 1880, testate, directing in her will that the property should be sold and the proceeds invested in real estate in Kentucky, and that such property should be disposed of in a certain specified manner. Under this evidence it is contended that James Van Meter is tenant by the curtesy of the lands in question. The estate of curtesy having been abrogated by section 1, Rev. Stat. 1874, page 423, it was incumbent upon appellant to prove that James Van Meter became invested with the estate as tenant by the curtesy before this statute became the law of the land. This the evidence does not establish. "There are four requisites necessary to make a tenancy by the curtesy: marriage, seizin of the wife, issue, and death of the wife." 1 Blackstone, 127. Now, while the evidence shows marriage, seizin of the wife, and her death, the record fails to show children born prior to July 1, 1874, the time when the estate was abolished by the legislature.

But, aside from this question, we are not satisfied, after a careful consideration of the will of Thornton Lewis, deceased, that James Van Meter would be entitled to an estate of curtesy in the lands had the estate never been abolished by statute. The will of the testator, after devising the property in question to Fannie L. Van Meter, contains this provision:

"Item 5. No part of any property or money herein given to my said daughters, Amelia C. Van Meter, Fannie L. Van Meter, or Mary S. Phillips, that has not already passed beyond my control by deed of gift, conveyance, or otherwise, is ever, in any event, to be responsible or liable, in whole or part, toward the payment of any debt or debts, owing or hereafter created by their respective husbands, but all of it,

of every kind and description, and the proceeds thereof, is to be held and kept free from such liabilities. If, however, any of my said daughters should desire to sell the real estate thus given to them they may do so, provided the proceeds thereof are reinvested in other real estate, with the title to still remain in them."

While it is true this clause in the will does not in express words declare that the husband of the daughter shall be excluded from the estate of curtesy in the lands claimed, yet such is the obvious meaning of the language employed by the testator. The evident intent of the testator was to so devise the property to his daughter that it could never be taken and sold for any debt or liability of the husband. This object could not be carried out if the husband could, in any event, acquire an estate of curtesy, and hence there can be no doubt the testator intended that the husband should be excluded from such an estate. Shall the intention of the testator prevail? In *Pool* v. *Blakie*, 53 Ill. 495, which was a case similar to the one under consideration, it was held to be a rule in construing deeds or wills, that the intention of the grantor or testator, as manifested by the words employed, must be carried into effect,—that a husband can not be tenant by the curtesy of real estate conveyed to the wife for her sole and separate use, and with power of disposal, and who has disposed of it by will duly executed and attested. There is no difference in principle between the case cited and the one before us, and unless the decision in the *Pool case* is to be overruled, it must control here.

The judgment will be affirmed.

*Judgment affirmed.*