E. SANFORD AND GEORGE WILKINSON
v.
CASSA KANE.

*Mortgages—Power of Sale—Who may Execute—Usury—Equity—Legal Rights—Outstanding Title—Right to Acquire.*

1.  Where a mortgage, containing a power of sale, was given to secure a promissory note and the note has been assigned, the power can only be executed by the assignee of the note.

2.  The joinder of a wife in a deed by her husband, merely to release her inchoate right of dower, does not bar her from acquiring an outstanding title and asserting it against her husband's grantee.

3.  Upon a bill filed to cancel a deed executed under a power of sale contained in a mortgage, and to be permitted to redeem, it is *held:* That the power was improperly executed by one who was not the assignee of the note; that the note was usurious; that the complainant, as one of the makers, can avail herself of the usurious character of the note; and that her interest in the property entitles her to redeem.

[Opinion filed December 16, 1887.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

This was a bill filed by the appellee against the appellants to cancel a deed executed by Wilkinson to Sanford, to the

southwest quarter of the southwest quarter of section 7, town 27 north, range 11 west, Iroquois County, and to be permitted to redeem from a mortgage of said premises, executed by Morris Kane and the appellee to Sanford, on the 20th of July, 1875.

The bill alleges that on the 20th of July, 1875, Morris Kane borrowed of Sanford the sum of $475, for three years, and agreed to pay him, at the Chemical National Bank, of New York, the sum of $500, with interest at ten per cent. semi-annually; that the extra $25 was paid as a bonus for said money; that to secure the payment of said money, Morris Kane gave to Sanford his note for $500 and a mortgage on said premises, with power to sell the said property. Said note and mortgage was executed by Morris Kane and the appellee; that at the time of the borrowing of said money, and of the execution of the note and mortgage, Morris Kane was the owner of the said premises, and the appellee was his wife; that said note was indorsed by Sanford to Edgar G. Whittlesey, who had never indorsed the same to any one else; that on February 21, 1876, Morris Kane conveyed said premises to John Kane for a valuable consideration, and that on October 3, 1881, John Kane and wife conveyed said premises to the appellee, and that she is now the legal owner of said premises; that Morris Kane paid on said note semi-annual interest at the rate of ten per cent. to and including the 20th of July, 1878; that Wilkinson, who claimed to be the assignee of the mortgage, advertised that he would sell said land at Watseka, at 2 o'clock P. M., on the 16th day of October, 1878; that at said sale Sanford was the purchaser, and Wilkinson executed to him a deed therefor; that Sanford immediately took possession, and has been, and now is, receiving the rents and profits therefrom.

The bill alleges that no power of sale was vested in said Wilkinson under said mortgage; that no assignment of the note which it was given to secure was ever made to him; that no title passed to Sanford by the sale and conveyance of Wilkinson to him.

The bill prays that an account may be taken of the amount

due on said mortgage, and that she may be allowed to redeem on equitable terms, and that the deed from Wilkinson to Sanford be canceled and held for naught. Appellants' answers deny usury, and deny that the loan was made by Sanford to Kane, but state that the loan was procured by Sanford, as agent of Kane, from Whittlesey, who furnished the money, and that the amount furnished by him was $500. They deny that the mortgage was given to secure the payment of the note, and claim that they were independent of each other; deny that Sanford had any interest in the mortgage at time of sale. They admit that Sanford took possession, but deny that he receives any more from the rents than was expended in payment of taxes and to keep up the improvements. They claim that the sale made by Wilkinson to Sanford is valid. They deny that appellee has any interest in the premises, and claim that she and her husband, on the 27th of March, 1879, conveyed said premises to J. C. Parr by warranty deed, subject to this mortgage. Replication filed.

The cause was heard on bill, replication and proof, March 24, 1884. The court finds Cassa Kane owner of the property at the time of filing of bill; that Morris and Cassa Kane gave a note of $500, and secured the same by mortgage; that said note was assigned to Whittlesey; that the mortgage was also assigned to Whittlesey by Sanford; that Whittlesey, by separate deed, assigned the same to Wilkinson, October 16, 1879; advertised and sold to Sanford for $300 the said land; that Sanford has had possession and collected rents. The court further finds that the bill claims that the note embraced usury. The court decreed that the sale by Wilkinson to Sanford was null and void; that Cassa Kane had the right to redeem.

The cause was referred to a master to take proof, and state account and report. Exceptions were sustained to the master's final report, and he was ordered to restate the account. Appellants filed exceptions to the master's second report, which was overruled by the court, and "decree that appellee pay to the clerk, within ninety days, $299.96, with interest at six per cent. from June 10, 1886, and all costs, the said sum to

be for the use of defendants in such portions as the court shall at the next term of this court determine; and in default of payment, all the rights of appellee in and to the said land be, and the same is hereby determined;" and it was further decreed that upon the payment of said sum and interest by said appellee, all right of Sanford and Wilkinson, or any one claiming by or through them to the property under said mortgage, should cease on the payment of the said money, and all of their rights to vest in the appellee. Defendants except and pray an appeal. Various errors are assigned.

Mr. E. SANFORD, for appellants.

Mr. ROBERT DOYLE, for appellee.

WELCH, J. The first question we deem material to be considered in this case, is, whether the power of sale contained in the mortgage has been properly exercised by a party authorized by law to execute it. There was at the time the mortgage was executed a note given to E. Sanford, the mortgagee, which note was by him assigned with the mortgage to Whittlesey. There is no claim made that Whittlesey assigned the note to Wilkinson, but it is claimed that he assigned the mortgage. As held in Mason v. Ainsworth, 58 Ill. 163, "Neither the debt secured, nor the mortgage itself, was assignable at common law, nor have they been made assignable by any statute of this State. Only a certain class of choses in action, such as notes, bonds, bills, and other instruments in writing, for the payment of a specific sum of money, are assignable by the terms of the statute. "In equity the assignment of the debt will carry with it the mortgage." "Mortgages to secure indebtedness have never been regarded as assignable in the sense of negotiable paper so as to vest the legal title in the assignee." "The rule is settled, at least in this State, that such a power of sale must be executed by the original mortgagee, or in case the debt is of such a character that it may be legally assigned, so as to vest the legal title in the assignee, then the assignee himself must exercise the

power." Pardee.v. Lindly, 31 Ill. 174. Whittlesey, to whom the note and mortgage were assigned, could alone execute the power. If the mortgage was not given to secure a debt that was assignable, no assignment of the mortgage could vest the power of sale in an assignee. The power of sale would remain in and could be executed by the mortgagee. Although we are satisfied from the evidence that the mortgage in this case was given to secure the note, yet that fact is not important. If it was given to secure the note, it having been assigned to Whittlesey, the power could alone have been executed by him. If it was not given to secure the note, then the power of sale could only have been executed by Sanford, the mortgagee..

In neither view had Wilkinson the right to make sale of said premises under the power of sale in said mortgage; and his deed under said sale to Sanford must be held not to have passed the title.

It is also insisted by counsel for appellants that the court erred in finding the mortgage usurious. We are satisfied from the evidence that the money was borrowed from Sanford; that he deducted from the face of the loan five per cent.—four per cent., $20, for himself, and one per cent., $5, for his agent, and gave to Kane $475 and took his note and mortgage for the sum of $500, payable three years after date, with interest at ten per cent., payable semi-annually. That such transaction was usurious, we have no doubt. It is also insisted by counsel for appellants, that appellee had no interest in said property at the time of the sale.

This is a bill filed to redeem from the mortgage and claiming that there has been no valid sale under it, and asking that the conveyance made under said pretended sale be set aside and held for naught. We have held that Wilkinson had no right to sell under the power in said mortgage, and that no title passed by his conveyance to Sanford.

The appellee derives her title to this property through a conveyance made by Morris Kane, February 21, 1876, to John Kane, and a conveyance from John Kane and wife to her, executed the third day of October, 1881.

It is insisted by counsel for appellant, that as appellee joined

with her husband, Morris Kane, in a warranty deed, March 27, 1879, to John C. Parr to said property, said deed being subject to said mortgage, she could not acquire any title or interest in said property hostile to Parr; that whatever title she acquires would, under the deed to Parr, inure to him. We do not assent to this claim. The only interest she had in the property at the time of the conveyance was the inchoate right of dower. She is not responsible on the covenant of warranty in said deed; neither would she be barred from purchasing in an outstanding title, and asserting it as against Parr.

It appears from the evidence of the quit claim deed of Parr to Doyle of said premises, and of Doyle and wife to the appellee, that she is invested with whatever title or interest Parr had acquired through the deed of Morris Kane and the appellee to him. We hold that the deed of Morris Kane to John Kane divested Morris Kane of all title or interest in said premises.

There was no error in the holding of the court that the appellee had such interest in the mortgaged property as gave to her the right to redeem the same. This interest she had as grantee of the property from John Kane and wife. Neither was there error in holding that there was usury in the loan, and that the appellee could avail herself of it. This right was given to her as one of the makers of the note. Being in chancery she could avail herself of all her rights, either legal or equitable. The case of Essley v. Sloan, 116 Ill. 391, has no application. We do not deem it necessary to pass upon the other errors in detail, it is sufficient for us to say that we find no merit in any of them. The equity and law of the case are with the appellee. Finding no error in the decree it is affirmed.

*Decree affirmed.*