# E. SANFORD *et al.*

## *v.*

## CASSA KANE.

### *Filed at Ottawa April 3, 1889.*

1. APPEALS—*from Appellate Court—in what cases, without regard to amount involved.* While by the statute no appeal or writ of error is allowed to bring a case from the Appellate Court to this court in cases where the amount involved is less than $1000, the section of the constitution relating to appellate courts provides that appeals and writs of error shall lie from those courts to this "in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved." If a freehold is involved, the cause may be brought to this court by appeal or writ of error, without regard to the amount involved and whether the Appellate Court assumed jurisdiction rightfully or wrongfully.

2. SAME—*whether a freehold involved—generally.* A freehold is involved in all cases where the necessary result of the judgment or decree is, that one party gains and the other loses a freehold estate; and it is equally clear, that a freehold is involved, within the meaning of the statute and the constitution, where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate.

3. SAME—*bill to set aside trustee's deed—whether a freehold involved.* On bill by one claiming title to land under a mortgagor, to set aside a sale and deed of the property to the defendant, who claims title thereunder, a freehold is directly involved, and no appeal lies to the Appellate Court from the decree of the trial court.

4. SAME—*bills to redeem—to foreclose—or to establish other liens, etc. —whether involving a freehold.* Bills to foreclose mortgages, or to establish other liens upon land, do not ordinarily involve a question of freehold, because, by payment of the sum due, a decree and sale are prevented. The same is true of bills to redeem, where the right to redeem is the only question litigated. But in such cases, where the pleadings raise adverse claims of title which must be adjudicated in order to a decree, a freehold is involved.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Iroquois county; the Hon. ALFRED SAMPLE, Judge, presiding.

127 591
130 229

127 591
131 42

127 591
132 79
132 97

127 591
133 296
135 532

127 591
136 19

127 591
39a 98

127 591
145 656
146 645

127 591
153 405
153 491

127 591
47a 517

127 591
53a 125
53a 548
54a 279
54a 434
54a 557

127 591
66a 133

127 591
168 333

127 591
174 11

127 591
175 381

127 591
91a ²508

127 591
188 ² 85

127 591
f189 ²111

127 591
190 ⁴ 19
95a ³ 90
95a ³ 91
95a ³370

127 591
97a ²348

127 591
193 ²273

127 591
j194 ²439
100a ²585

127 591
102a ²418

127 591
214 ²211

127 591
e115a²354

Mr. B. C. COOK, for the plaintiffs in error.

Mr. ROBERT DOYLE, for the defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill to redeem.   Cassa Kane, the complainant, alleges that she is the owner of certain lands in Iroquois county; that on the 20th day of July, 1875, the title to said land was in Morris Kane, her husband; that on that day Morris Kane borrowed of Sanford $475, and gave his note therefor, signed also by the complainant, for $500, due three years after date, and bearing interest at the rate of ten per cent per annum, payable semi-annually, the $25 being a bonus paid by him for the money; that to secure the payment of said note, Morris Kane and the complainant executed to Sanford a mortgage on said land containing a power of sale running to Sanford and his assigns, authorizing the sale of said land in case of default in the payment of said note; that Sanford afterward assigned said note by endorsement thereon to one Whittlesey, whereby said power of sale became vested in him; that Wilkinson claimed to be the owner of said note by purchase from Whittlesey, but that said note had never been assigned to him so as to vest in him the power of sale; that on the 16th day of October, 1879, Wilkinson, claiming to be the assignee of said mortgage and vested with said power of sale, after having advertised said land for sale under said power, sold the same to Sanford for $300, and executed to him a deed purporting to convey the same to him in fee; that at the time of said sale the legal title to said note was in Whittlesey, and he was the only person then authorized to execute the power of sale.

The bill further alleges that said loan was usurious; that Morris Kane had paid thereon various sums of money; that immediately after the sale Sanford took possession of said land and has ever since that time received the rents and profits thereof, amounting to a large sum of money, which

should be credited on said loan; that the sale to Wilkinson was void; that the complainant was unable to tell who owned the mortgage, whether Wilkinson or Sanford, and therefore made them both parties defendant; that on the 21st day of February, 1876, Morris Kane and the complainant conveyed said land to John Kane, and that on the 1st day of October, 1881, John Kane and wife conveyed the same to the complainant. The bill prays that the sale be cancelled and the deed from Wilkinson to Sanford be decreed to be void, and that an account be taken between the parties and the complainant be allowed to redeem from said mortgage.

Answers and replications were filed, and the court having heard the cause on pleadings and proofs, decreed that the sale by Wilkinson to Sanford was null and void, and that the complainant had a right to redeem. On an accounting it was found that the amount due on said mortgage was $299.96, and it was thereupon decreed that, upon payment of that sum by the complainant into court, all right of Sanford or of Wilkinson, or any one claiming through them, to said land, under said mortgage should cease and determine, and all their rights be vested in the complainant.

From this decree the defendants appealed to the Appellate Court of the Second District, where said decree was affirmed, (*Sanford* v. *Kane,* 24 Ill. App. 504,) and the defendants have brought the record from that court to this by writ of error.

The counsel for the defendant in error has interposed a motion to dismiss the writ of error on the ground that the case involves less than $1000; and he also makes the suggestion that the Appellate Court had no jurisdiction for the reason that a freehold is involved, and that if his motion should be denied, the cause should be remanded to that court with directions to dismiss the appeal.

Of the two questions thus presented, the latter must necessarily be considered first; for while by the statute, no appeal or writ of error lies from the Appellate Court to this court in

cases where the amount involved is less than $1000, the section of the Constitution relating to Appellate Courts provides that appeals and writs of error shall lie from those courts to this "in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved." If then a freehold is involved, by the express terms of the Constitution, the cause may be brought here by appeal or writ of error, irrespective of the amount involved. And it makes no difference, so far as our power to entertain the appeal or writ of error is concerned, whether that court assumed jurisdiction rightfully or wrongfully. If the case involves a freehold, it may properly be brought to this court, although the only error we may have power to correct is that of having improperly assumed jurisdiction of the appeal.

Does this case involve a freehold within the meaning of the Constitution and statute? By the pleadings both parties claim an estate in the land in fee. Sanford claims such estate by virtue of a sale under a power in a mortgage and a deed from the person holding and, as he alleges, entitled to execute that power, purporting to convey to him an absolute estate in fee. The complainant denies Sanford's title, claiming that the mortgagee's sale and the deed executed in pursuance of such sale are void, and asking to have the same so declared. She also claims title in herself through mesne conveyances from the mortgagor, subject only to the lien of the balance due on the mortgage. The title to the land was thus put directly in issue, and evidence was introduced at the hearing by both parties applicable to the issues thus formed. If the decree had been for the defendants, as they claim that under the evidence it should have been, it would manifestly, as between the parties, have established the title in fee in Sanford, and defeated the title claimed by the complainant. The decree, as it was entered, set aside the mortgagee's sale and vacated the deed to Sanford, thereby defeating the title claimed by him, and establishing the fee in the complainant, subject to the mort-

gage. It is difficult to see how a freehold could have been more directly involved.

As said in *Monroe* v. *Van Meter*, 100 Ill. 347, "A freehold is involved in an action where the title to the land is presented and in issue between the parties." A fair illustration of the rule may be found in *Piper* v. *Connelly*, 108 Ill. 646. That was an action of trespass *quare clausum fregit*, to which the defendant pleaded *liberum tenementum*. No freehold was sought to be recovered, the only possible judgment in favor of the plaintiff being one for damages for the alleged trespass. The freehold, however, was directly put in issue by the pleadings, and the plaintiff's right to recover his damages necessarily depended upon whether the defendant had succeeded or failed in establishing his plea that is, in establishing his title to the freehold. The title, though in no sense the subject sought to be recovered, was directly in issue, and presented a question which the court was compelled to decide, and it was therefore held that a freehold was involved in the case within the meaning of the Constitution and the statute regulating appeals to this court. We there said: "The plea of *liberum tenementum* necessarily, where, as here, it is directly put in issue by the replication, involves a freehold."

*Monroe* v. *Van Meter, supra,* was an attachment suit where the writ was levied on certain lands as the property of the defendant, and a third person filed his interpleader claiming title in himself to said land in fee. The plaintiff replied setting up a life estate in the defendant. The recovery sought by the plaintiff was not the title to the land, but the establishment of a lien thereon for the amount of his debt, and which might be discharged by the owner of the fee by the payment of the amount of the lien. But in order to determine the plaintiff's right to his lien, it became incumbent upon the court, as a preliminary question, to determine the title to the freehold. In holding that a freehold was involved, we said: "It will be observed that under the pleadings the issue made and to be de-

termined by the evidence was one of title to the land levied on by the writ of attachment. On the one hand it was claimed that the defendant in the attachment owned a life estate in the premises, while on the other hand appellees, who are his children, claimed that he had no title whatever to the property, and that they were the owners in fee. Here a freehold was as clearly involved as it would have been had the appellees brought an action of ejectment against the defendant to recover possession of the land." In *Frank* v. *King,* 121 Ill. 250, a case involving facts substantially identical with the case last cited, the same rule was affirmed. In *Hutchinson* v. *Howe,* 100 Ill. 11, a bill was filed to remove a certain contract as a cloud upon the complainant's title, the court, in discussing the question as to whether a freehold was involved, said : "Where the cloud is created by an executed contract, as, a deed purporting to convey the title to the estate, and the question is made whether it is a valid deed or a mere cloud upon the title, a freehold would seem to be necessarily involved. It is the title itself that is a matter of contention."

It is the rule that bills to foreclose mortgages, or to establish other liens upon lands do not ordinarily involve freeholds, because the defendant may in such cases, by the payment of the money necessary to discharge the lien, prevent the decree from being so executed as to divest him of his freehold, and usually the only question litigated is the existence of the lien, the title itself not being put in issue. The same may be said of bills to redeem, where the right to redeem is the only question litigated. But in such cases, when the pleadings raise adverse claims of title between the parties which must necessarily be adjudicated in order to a decree, a freehold is involved. This was clearly recognized in *Chicago and Great Western Land Co.* v. *Peck,* 112 Ill. 408. In *Kerfoot* v. *Cronin,* 105 Ill. 609, it was held that a freehold was involved in a bill to foreclose a deed of trust, where the complainant sought to show title in the maker of the deed of trust under an un-

recorded deed to him from the person under whom the de-fendants claimed title, and to have the title of the defendants held to be subordinate to that of the complainant under the deed of trust. See also *Bremer* v. *Calumet and Chicago Canal and Dock Co.* 123 Ill. 104.

We are referred to the case of *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217, as laying down a proper test by which to determine in all cases whether a freehold is or is not involved. It is there said that a freehold is never involved unless the primary object of the suit is the recovery of a freehold, and the judgment or decree will, as between the parties, result in one party gaining and the other losing his estate. As applied to the facts in that case the test laid down was doubtless correct, but it is manifest from repeated decisions of this court both prior and subsequent to *Chicago, Burlington and Quincy Railroad Co.* v. *Watson* that cases may often arise where it can have no application. A freehold is undoubtedly involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but it is equally clear that a freehold is involved within the meaning of the Constitution and statute, where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate.

What we have said is in no respect in conflict with our decision in *Kirchoff* v. *Union Mutual Life Ins. Co.* decided at a former term and before us at this term on petition for a rehearing. In that case the complainant alleged the execution of a deed conveying certain real estate to the defendant, coupled with an oral agreement that the complainant should be permitted to redeem two of the lots conveyed upon certain prescribed terms. There was no issue in relation to the fee, the complainant admitting and alleging that it had been conveyed and rightfully conveyed to the defendant. The whole

controversy turned upon the question of the existence of the agreement permitting the complainant to redeem the two lots, that being alleged by the complainant and denied by the defendant. The decree found that the alleged agreement had been made, and awarded to the complainant a right to redeem, but as a mere right to redeem, unless exercised, works no transmutation of title, it was held, and properly held, that the decree did not necessarily result in transferring the freehold from the defendant to the complainant. The freehold then not being put in issue, and not being necessarily affected by the decree, we held that no freehold was involved.

A freehold being involved in the present case, the Appellate Court should not have assumed jurisdiction. The judgment of that court will therefore be reversed, and the cause will be remanded to said court with directions to dismiss the appeal, the appellant Sanford to pay all costs in this court.

*Judgment reversed.*