## City of Mt. Carmel v. Mary A. E. McClintock and M. D. McClintock.

1. FREEHOLD—*In What Cases Involved.*—A freehold is involved in all cases where the necessary result of the judgment or decree is, that one party gains and the other loses a freehold estate.

2. SAME—*Title in Issue by the Pleadings.*—A freehold is involved within the meaning of the law, when the title to a freehold is put in issue by the pleadings. So where a bill is filed to enjoin city authorities from breaking and entering a close and freehold, to take possession of a part thereof and construct a public sidewalk upon and across the same, and the authorities answer denying that the land in question is the freehold of the complainants, the issue necessarily involves a freehold.

**Memorandum.**—Bill for injunction. Error to the Circuit Court of Wabash County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1894, and dismissed. Opinion filed June 23, 1894.

### STATEMENT OF THE CASE.

This was a bill in chancery in the Circuit Court of Wabash County, brought by the defendants in error, who were the complainants below, against the plaintiff in error. The bill alleges that the complainants below are the owners of and in the actual possession of the E. ½ of inlot No. 455, and 12½ feet off the west side of inlot 453, in the city of Mt. Carmel, Illinois, said city being incorporated under the laws of the State of Illinois; that the city of Mt. Carmel threatens at once to tear down their fences and cut down their valuable shade trees, and dig away the soil on said lot, and to build a sidewalk in their front yard on said lot; that in pursuance of its said purpose the city has torn up the sidewalk lying in front of said lots on Eighth street in said city, and proposes at

once to take their fence, twenty-four feet four inches from their dwelling house on said lot and ground belonging to the complainants, and cut away their shade trees, and dig away the soil of said lot and ground owned and occupied by them and their family for a home; that if said city is allowed to proceed to take away their fence and cut away their shade trees, which are of many years growth and of great value to them, and to dig and cut away the soil of said lot, the damage to them and their said premises will be irreparable, and they have no means of protection in said matter except in a court of equity. A suit at law for damages would be unavailing, this being their home and dwelling place for herself, husband and family; that the said city is attempting to take the said ground and use it for a public street for the use of the public and without any compensation to them for the same; that the street between the fence of the complainants and the fence on the south side of said street is more than eighty feet wide; said street without in any way including the complainants' said fence, ground or shade trees, is amply wide enough for all public or city uses, both for street and sidewalks, and there is no necessity for taking any of the ground or shade trees in improving said street or sidewalk.

Prayer that a writ of injunction may issue out of the office of the clerk of this honorable court, restraining the city of Mt. Carmel from tearing away their fence, and from cutting and taking away their shade trees from said lots, and from digging and cutting away the soil of said lots, and from taking their said ground for use as a public street, and from building a sidewalk over, on or across the said lot in front of the door of their said dwelling house and within twenty-four feet four inches of their said dwelling; that upon a final hearing the court will grant to the complainants a permanent and continued injunction and for general relief, etc. The answer of the city of Mt. Carmel is as follows: It admits that the complainants are the owners and in possession of the lots described in the bill. It denies that it threatens to tear down the fence or cut down valuable

shade trees or dig away the soil or build a sidewalk on said lots or parts of lots. It admits that it proposes at once to take down the fence in front of complainants' dwelling house, and cut away certain shade trees, and dig away the soil and put down a sidewalk, but the defendant denies that the said fence proposed to be taken down, or shade trees and soil to be removed, and the sidewalk proposed to be put down, is on any part or parcel of said lots or parts of lots.

It denies that the taking away of said fence, the cutting away of said shade trees, and the digging away of the soil, and the putting down of said sidewalk at the point where said fence, shade trees and soil is proposed to be taken away, and said sidewalk to be put down, will damage the complainants irreparably, either in person or to the said property. It denies that it is attempting to take any part or parcel of said lot or parts of lots and use the same for a public street, for the use of the public, without compensation for the same, but charges the fact to be that the said fence is and the shade trees are on or out in Eighth street, in said city, and the soil to be dug away is a part and parcel of said Eighth street, and that the place where said sidewalk is to be built is a part and parcel of said Eighth street; that the complainants built said fence and set out said shade trees in and on said Eighth street without the permission or consent of the defendant; that defendant, through its city council, in seeking to put its streets in good condition for travel and convenience of the public, and making the outside line of said street on the north side thereof straight, in its discretion, provided by ordinance that two feet of ground of said Eighth street, next and adjoining the said lot or parts of lots of complainants on the south side of said lot or parts of lots, should be vacated, which said ordinance was made to apply to all the streets of said city except Market street; that the city council of said city, in their discretion deeming it necessary for the purpose of making a sidewalk of sufficient width for the use of the public along and upon said Eighth street, in front of said property, provided by ordi-

nance, that said sidewalk should be six feet wide upon a regular grade line and that the inside line of said sidewalk should be built along the outside line of said Eighth street.

That in building said sidewalk along the outside line of said Eighth street it will and does become necessary to remove said fence and shade trees, as the same are built and growing out in the said Eighth street, opposite the property of the complainants; and also for the purpose of making a regular grade line at the point opposite the property of the complainants, it will be necessary to remove the soil along and in front of the property of the complainants, but that the fence and shade trees and soil to be removed and the sidewalk to be put down are not on any part or parcel of the complainants' property. The cause was heard and a decree entered for perpetual injunction, restraining and enjoining defendant from doing any of the acts, as prayed for in the prayer for relief. To reverse this decree defendant sued out this writ of error and brings up the record for review in this court.

M. F. Hoskinson, attorney for plaintiff in error.

Mundy & Organ, attorneys for defendants in error.

Mr. Justice Green delivered the opinion of the Court.

A motion was filed by defendant in error to dismiss the case on the ground this court had no jurisdiction to entertain this writ of error, because this is a case involving a freehold. The jurisdiction of "Appellate Courts" in this State, in matters of appeal, or writs of error, is defined and limited in Sec. 8, Chap. 37, p. 401, Cothran's Stat, where, among other things, it is provided, "such courts shall exercise appellate jurisdiction of all matters of appeal or writs of error, from the final orders, judgments, or decrees of the Circuit Courts * * * other than * * * cases involving a freehold."

Our Supreme Court have interpreted and applied this clause of the statute, in many cases, where, for a like reason

as that set up in the motion, we are considering, the juris-
diction of an Appellate Court is denied. Piper v. Connelly,
108 Ill. 646, was an action of trespass *quare clausum fregit*
in which the plea *liberum tenementum* was interposed and
traversed. The cause was taken by appeal from the Circuit
Court direct to the Supreme Court, where a motion to dis-
miss the appeal was made on the ground a freehold was not
involved, and the appeal should have been taken to the
Appellate Court. Held, that the plea of *liberum tenementum*
when put in issue by replication necessarily involves a free-
hold, and the motion was overruled. Chaplin v. Commis-
sioners of Highways, 126 Ill. 264: Bill to res'r uin com-
missioners from digging or opening a ditch or drain across
certain lands belonging to complainant. Held, the right
sought to be condemned was that of casting a permanent
burden upon complainant's land, which amounted to a per-
petual easement, and hence a freehold had been taken, and
upon the payment of the damages assessed, will be vested in
the proper municipal authorities for the use of the public.
Held, also, the case involved a freehold, and the Appellate
Court had no jurisdiction. Sanford v. Kane, 127 Ill. 591:
Bill to redeem. Held, that a freehold is involved in all
cases where the necessary result of the judgment or decree
is that one party gains and the other loses a freehold estate;
that it is equally clear a freehold is involved within the
meaning of the law, and the constitution, when the title to
a freehold is so put in issue by the pleadings that the de-
cision of the case necessarily involves a decision of such issue;
citing Monroe v. Van Meter, 100 Ill. 347; Piper v. Con-
nelly, *supra;* Frank v. King, 121 Ill. 250, and other cases,
and commenting on the decisions in C., B. & Q. R. R. Co. v.
Watson, 105 Ill. 217, and Kirchoff v. Union Mut. Life Ins.
Co., then pending on rehearing. Town of Brushy Mound
v. McClintock, 146 Ill. 643: Suit to recover penalty for ob-
structing highway, brought by the town. There was judg-
ment in Circuit Court for defendant, from which the town
took an appeal to the Appellate Court. Appeal was there
dismissed on the ground a freehold was involved. McClin-

City of Mt. Carmel v. McClintock.

tock, who owned the fee in the land, denied the existence of the highway thereon. The town claimed such highway had been established on said land by prescription. Held, that although suit was brought to recover a penalty, and the judgment upon conviction going no further than to require the payment of such penalty, yet as the right of the town to recover the penalty depends upon the determination of the issue—affirmed on one side by appellant, and denied on the other by appellee—whether or not the public has the interest of a perpetual easement in the highway passing over appellee's grounds, and as the decision of the case necessarily involves a decision of this issue, "we think that a freehold is involved, and that the appeal was properly dismissed by the Appellate Court." The cases in 108 Ill. 646, 126 Ill. 64, and 127 Ill. 591, *supra*, are also cited and approved in the opinion. By the pleadings in the case at bar, appellees affirm that appellant is about to, and unless restrained by the order of the court, will break and enter their close and freehold, take possession of a part thereof and construct a public sidewalk upon and across the same. Appellant denies that the strip of land it proposes to enter and take possession of, and construct a sidewalk upon, is a part of appellee's freehold, but alleges it is outside of the true south boundary line of the lot and part of lot claimed in the bill, and is a part of Eighth street, a public street of said city of Mt. Carmel, dedicated to the public use. The issue thus presented, necessarily involves the question whether any part of appellee's freehold is about to be taken as charged, or whether the public has the interest of a perpetual easement in and upon the strip of land in dispute. Such an easement is held by our Supreme Court in the cases cited, to be a freehold. Hence, the decision of this case necessarily involves the decision of such issue, involving a freehold, and precluding this court from assuming jurisdiction. The writ of error is dismissed.