## Patrick H. Rice v. William G. Adams.

1. FREEHOLD—*When Involved in a Suit for Specific Performance.*—In a suit for specific performance, where the title to real estate of a party is put in issue by the pleadings and contested at the hearing, and the decision of the case necessarily involves a determination as to

whether such party had title to the premises in question, a freehold is involved.

**Bill for Specific Performance.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1900. Appeal dismissed. Opinion filed October 29, 1900.

M. L. THACKABERRY, attorney for appellant.

KNIGHT & BROWN, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree dismissing for want of equity a bill for the specific performance of a contract to convey realty by appellant against appellee.

January 13, 1894, John Short and Mary, his wife, entered into a contract with William G. Adams, the appellee, by which they agreed to convey to Adams, by a good and sufficient warranty deed, certain real estate situated in the city of Chicago and described in the contract, and appellee, on his part, agreed to pay for the property the sum of $6,000, $400 to be paid to one Gage to redeem the property from a tax sale, $1,600 on delivery to appellee of deed, $2,000 in one year and $2,000 in two years from the delivery of the deed, with interest at the rate of six per cent per annum.

It is averred in the bill that March 29, 1894, Short and wife conveyed by warranty deed to Patrick H. Rice, the appellant, the premises theretofore contracted to be conveyed to appellee, subject to the contract between Short and wife and appellee.

It is also averred in the bill that appellant has always been ready, willing and able to convey to appellee a good title to the premises, and that he has tendered to appellee a good and sufficient deed, which appellee refused to accept, claiming that appellant could not convey a good title to the premises. Appellee in his answer to the bill, denies that

appellant has been ready, able and willing to perform the agreement between Short and wife and appellee, and denies that Short and wife conveyed the premises to appellant, and also denies that appellant has been or is able to convey good title to the premises.

On the hearing a document of date March 29, 1894, purporting to be a warranty deed from Short and wife to appellant, was offered by appellant and admitted in evidence, subject to objection.   Indorsed on the document is a certificate of acknowledgment by a notary of Canyon county in the State of Iowa.   Where the name of the grantee, "Patrick H. Rice," is in the body of the deed, it plainly appears that something else was formerly written and erased, and the name of "Patrick H. Rice" written where the erasure was made.   The name "Patrick H. Rice" is not in the same handwriting as other written parts of the document.   The document was filed for record in the office of the recorder of deeds of Cook county, Illinois, April 21, 1894.   Thomas J. Rice, a brother of appellant, testified that he received the deed from John Short; that he thought he received it several days after its date, but that it might have been two weeks after its date; that he could not fix the exact time when he received it; that he thought M. J. Dunne, Short's attorney, wrote the name " Patrick Rice," but no other written parts of the deed; that the deed, as it was when produced at the hearing, was in exactly the same condition as when he received it. Michael J. Dunne, an attorney of the Chicago bar, testified that he knew John and Mary Short; that the name " Patrick H. Rice " in the deed was in his handwriting, and also the words " subject also to a contract for the purchase and sale of said lots from John Short to one D. G. Moore," and that no other part of the deed was in his handwriting.   A printed form was used in drafting the alleged deed, and it contains more than ten lines of written matter in addition to what was written by the witness Dunne.

Frederick S. Baird, an attorney at law, called by appellee, testified that he drafted the alleged deed and mailed it to Short; that when he drafted it the name of the

grantee in it was "William G. Adams;" that the name "Patrick H. Rice" was in the deed when shown to him at the hearing, where the name "William G. Adams" formerly was; that the words "subject also to a contract for the purchase and sale of said lots from John Short to one D. G. Moore," were not in the deed when he mailed it to Short; that April 4, 1894, Mr. Short was in his office and showed him the deed and he examined it and at that time the deed was executed by John and Mary Short and acknowledged, and ran to William G. Adams as grantee, and the words, "subject to," etc., above quoted, were not in it.

A motion of counsel for appellee to dismiss the appeal on the ground that a freehold is involved, was reserved till the hearing. It clearly appears, from the foregoing statement, that the title of appellant was put in issue by the pleadings and contested at the hearing, and that the decision of the case necessarily involves a decision as to whether appellant had title to the premises in question. This being true, a freehold is involved. Sanford v. Kane, 127 Ill. 591; Town of Brushy Mound v. McClintock, 146 Ib. 643; Hibernian Banking Ass'n v. Com. Nat. Bank, 157 Ib. 576; Hewitt v. Woodburn, 175 Ib. 376.

It is held in the cases cited that a freehold is involved when the title to a freehold is so put in issue by the pleadings that the decision of the case involves the decision of that issue. A freehold being involved, the appeal should have been to the Supreme Court.

The appeal will be dismissed.