## Marion D. Mills, Adm., etc., et al., v. Harriet M. Wilson et al.

1. APPELLATE COURT—*Jurisdiction Where a Freehold is Involved.* —Where the effect of a decree is to take the freehold out of one person and place it in another, a freehold is involved and the Appellate Court is without jurisdiction.

2. FREEHOLD—*In Suits to Remove Clouds.*—In a proceeding to remove a cloud from the title to real property, where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or the decree does not result in one party gaining and the other losing the estate, a freehold is involved.

**Bill to Remove a Cloud.**—Appeal from the Circuit Court of Crawford County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1900. Appeal dismissed. Opinion filed March 11, 1901.

MAXWELL & JONES, attorneys for appellants.

W. F. FOSTER and CALLAHAN & JONES, attorneys for appellees.

OPINION PER CURIAM.

The controversy in this case grows out of the following facts: On the 2d day of March, 1896, Guy S. Wilson, who was the owner of lots 9 and 10 in Kitchell's addition to the village of Palestine, in Crawford county, in this State, with his wife, Harriet M., attempted to convey the lots to Henry Wilson by warranty deed, but by a mistake of the scrivener in drawing the deed, the lots were described as " lots 9 and 10 in the original plat of Palestine." The deed was recorded March 20, 1896, and it is claimed by appellees that the grantee immediately went into actual possession of the premises intended to be conveyed, and remained in possession until February 21, 1898, when he conveyed them to appellee Harriet M. Wilson, who it is also claimed took actual possession thereof.

On the 2d of March, 1899, Harriet M. Wilson deeded to

Sarah E. Grayson, in trust for Catherine Wilson, the east seventy-five feet of said lot 10, and it is claimed that Catherine Wilson immediately entered into possession of the premises and built a dwelling-house thereon.

At the time Guy S. Wilson deeded the premises to Henry Wilson, there was a mortgage on the lots to one Plunkett; this mortgage was lifted by appellee Harriet M. Wilson, she borrowing $500 from Jane McRoberts, and to secure the payment of said sum, a mortgage was executed by Harriet M. Wilson to Jane McRoberts, on the 2d of March, 1899, covering all of the lots except the east seventy-five feet of lot 10. This mortgage was duly recorded in a day or two after its date.

On the 7th of March, 1898, appellant Mills, as administrator of the estate of Wyatt Mills, deceased, recovered a judgment against Guy S. Wilson for $297.42, in the Circuit Court of Crawford County; execution was issued on the judgment September 2, 1898, and was afterward returned, " No property found." An alias execution was issued on the judgment on the 24th of April, 1899, and delivered to appellant Houston, sheriff of Crawford county; this execution was levied on the date of its issue on lots 9 and 10 in Kitchell's addition to the town of Palestine. All of these matters are substantially set forth in the bill.

The answer of appellants to the bill, denies that Guy S. Wilson sold the lots; denies that Henry or Harriet Wilson paid for the lots, or that they went into possession of them; admits that the execution was levied as charged, and that it was levied on the lots as the property of Guy S. Wilson, and the intent is to sell the lots to satisfy the judgment; denies that appellants at the time of the levy of the execution had any notice of the claimed rights of appellees in the lots; denies that the levy and sale will be a cloud on the property of appellees, and states that appellees have no title of record, and that if they have any title at all, it is an equitable title subject to the lien of the judgment.

A cross-bill was filed by appellee Sarah E. Grayson, but the allegations of it are nearly identical and consistent with the allegations of the original bill, both bills claiming title

in Harriet M. Wilson, and asking that the mistake in the deed from Guy S. Wilson to Henry Wilson be corrected. The cross-bill of appellee Grayson made Guy S. Wilson a party, and he answered, admitting the allegations of the cross bill. A motion has been made in this court to dismiss this appeal because a freehold is involved.

The application for the injunction originated in the levy and threatened sale of the lots; but we think that this bill must be regarded as if it were a bill brought to remove the alleged cloud of the judgment against Guy S. Wilson over these lots, on the ground that appellees are the equitable owners of the property; incidental relief was asked for the correction of the mistake made in the deed, so as to place the legal title in appellees. The decree confirmed and quieted the title in Harriet M. Wilson as to all of the lots except the east seventy-five feet of lot 10, and the title to this seventy-five feet was quieted and confirmed in Sarah E. Grayson. The effect of this decree was to take the legal and perhaps the equitable title to the lots out of Guy S. Wilson and to place it in Harriet Wilson and Sarah M. Grayson. Appellants claim that the title to the lots was in Guy S. Wilson, and appellees claim that the title was in Harriet M. Wilson; accordingly the title to the lots was put in issue by the pleadings. The effect of the decree was to take the freehold out of Guy S. Wilson and to place it in Harriet M. Wilson. Notwithstanding it has been said by the Supreme Court that the question whether a freehold is involved is not free from difficulty (C. B. & Q. R. R. Co. v. Watson, 105 Ill. 220), nevertheless all the cases lay it down as an invariable test, that where the effect of the decree is to take the freehold out of one person and to place it in another, then this court has no jurisdiction. Hutchinson v. Howe, 100 Ill. 11; Monroe v. Van Meter, Id. 347; Frank v. King, 121 Ill. 250; Sanford v. Kane, 127 Ill. 591; The Hibernian Banking Association v. Commercial National Bank of Chicago, 157 Ill. 576; Wessels v. Colebank, 174 Ill. 618.

A bill to remove a cloud on the title may or may not involve a freehold. It was said in The Hibernian Banking

Association v. The Commercial National Bank of Chicago, *supra :*

" The complainant alleged in its bill, that it was the owner in fee simple of the property in question, and asked the court to so decree. The defendant denied that the complainant was the owner of the title, and thus complainant's title was put directly in issue, and this was one of the controverted questions in the trial of the cause."

Appellants claim that the title is in Guy S. Wilson; and appellees claim that the title is in Harriet M. Wilson. It is upon the solution of this question that the correctness of the decree depends. It is true that the answer of Guy S. Wilson admits all the allegations of the bill as charged in the cross-bill of Mrs. Grayson, and that he testified adversely to his own apparent title of record; but by neither pleading nor evidence could he bind appellants, because a judgment creditor will be protected against a prior equitable title in another, if the creditor had no notice of such title. Smith v. Willard, 174 Ill. 545. So that a freehold is involved not only for the reason heretofore stated, but also because this case comes within the declaration of the Supreme Court that a freehold is involved " where the title to the freehold is so put in issue by the pleadings that the decision of 'the case necessarily involves a decision of such issue, although the judgment or the decree does not result in one party gaining and the other losing the estate." Sanford v. Kane, *supra.*

This case is a virtual contest over the title to the lots, between Guy S. Wilson, under whom appellants claim, and Harriet M. Wilson. If the attempted conveyances were in fraud of creditors the court will assist neither party to the conveyances, and the title will be left where the court finds it, and appellants' judgment lien will be good; if the sale was made *bona fide,* Harriet M. Wilson has an equitable remedy to get the entire title, if she has not otherwise lost her right to the remedy. This is a plain case, involving a freehold, where both the legal and equitable fee titles are at issue in the pleading and in the relief asked for.

The motion is sustained and the appeal is dismissed with leave to appellants to withdraw the record and abstracts from the files. Appeal dismissed.