### R. E. Pratt & Company et al. v. George M. Ashmore.

1. FREEHOLD—*when involved.* A freehold is involved in a proceeding to remove a cloud where the necessary result of such proceeding is that one party gains and the other loses a freehold estate.

Bill to remove cloud. Appeal from the Circuit Court of Macon County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1905. Appeal dismissed. Opinion filed June 8, 1906.

MR. JUSTICE RAMSAY delivered the opinion of the court.

George M. Ashmore, by his bill in the Circuit Court against the appellants, sought to set aside two deeds as null and void and clouds upon his title.

The first of the two deeds was executed by appellee and wife to one F. M. Pratt, and the second by F. M. Pratt to Ralph E. Pratt, both of which were duly recorded in Macon county.

Appellee alleged in his bill that he was the owner in fee simple of the premises involved; that he had executed the deed to F. M. Pratt to secure a note for $10,000, and that said note was given to settle a gambling debt, founded upon board of trade dealings, which was null and void, and in the prayer of his bill asked that both said deeds be set aside and declared null and void and canceled as clouds upon his title.

Appellants in their answer denied that Ashmore owned the real estate involved and denied that the note given for such alleged gambling debt was the sole and only consideration for the execution and delivery of the deed to F. M. Pratt, and denied that the deeds were clouds upon appellee's title. Thus the title was directly put in issue by the pleadings.

The court in its decree found that said deeds were clouds upon the title of appellee and directed that they be removed and expunged from the records and the premises in fee simple vested in Ashmore.

That such an issue involves a freehold seems to be well settled by the authorities. Sanford v. Kane, 127 Ill. 591; Banking Association v. Commercial Nat. Bank, 157 Ill. 576.

Whether or not a freehold be involved in a bill to remove a cloud depends upon the character of the cloud sought to be removed. When the litigation relates to an *executory* or *conditional* contract alleged to create a cloud upon the title, a freehold is not necessarily involved. But where the cloud is created by an *executed* contract, as a deed purporting to convey title to the estate, and the question is made whether it is a valid deed or a mere cloud upon the title, a freehold would seem to be necessarily involved. Hutchinson v. Howe, 100 Ill. 11–18; Payne v. White, 207 Ill. 562–564.

This appeal involves a freehold and is dismissed.

Appellants have leave to withdraw their record, abstracts and briefs.

*Appeal dismissed.*