(No. 13409.—Cause transferred.)

EDITH LAMONT WHEELER CALDWELL CHAPMAN *et al.* Appellants, *vs.* THE NORTHERN TRUST COMPANY, Trustee, Appellee.

*Opinion filed October 23, 1920.*

1. WILLS—*when freehold is not involved in bill against trustee to carry out decree construing will.* A freehold is not involved in a bill against a trustee to require it to carry out the provisions of a decree construing a will and directing the payment of the net income of a trust estate to the complainants, where the sole issue is whether the trustee is justified in refusing to obey the decree on the ground that it is not protected against the setting aside of the decree within three years by parties who were served by publication, only.

2. FREEHOLD—*when a freehold is involved.* A freehold is involved only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate or where the title to a freehold is so put in issue by the pleadings that the decision necessarily involves a decision of that issue.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

FISHER, BOYDEN, KALES & BELL, (ALBERT M. KALES, ROSWELL B. MASON, FRANCIS H. BOHLEN, and WILLIAM K. OTIS, of counsel,) for appellants.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing on the hearing a bill filed by appellants to require the Northern Trust Company, trustee, to carry out and put into immediate effect certain provisions of a decree entered by the circuit court of Cook county in a proceeding to construe the will of Louisa G. Bigelow and declare the rights and interests of the parties under said will.

The facts and circumstances out of which this litigation arose are substantially as follows: Louisa G. Bigelow died

testate in 1873. By her will she created a trust estate, consisting chiefly of real estate, for the benefit of three grandchildren, Josephine, Augusta and Sarah DeHaven, during their lives. The trust provisions of the will, briefly stated, in substance provided for the payment of the income from the trust estate to the three grandchildren of testatrix during their lives. Provision was made for the payment of the income on the death of each grandchild until all three of them were dead. No distribution of the trust estate was to be made until the death of all the grandchildren. When that event occurred it was to be distributed among the persons or classes designated. The will provided for the division of the estate in the event of one or all of the grandchildren dying without issue surviving. All of the grandchildren married and had children. Josephine married Towson Caldwell. She died intestate in 1919, leaving five children surviving: William, Edith, Edwin, Dorothy and Olive. Augusta, who is still living, married Baron von Alten and has two daughters, one of whom is married to Count Rudolf von Hardenberg and the other to Count von Wengersky. The latter daughter has three children, who are all minors. Sarah married Edwin von Campe. Her husband is dead. She has three children living, Otto, Edwin and Alice, the latter married to Count Hans von Hardenberg. Alice has three children, all minors. After the death of Josephine, four of her children, Edith, Edwin, Dorothy and Olive, filed their bill in the circuit court of Cook county, claiming that complainants and their brother, William, or his wife and children as his assignees, were entitled to one-third of the income from the trust estate, and that the indefeasible title to one-third of the trust estate vested in them upon the death of Josephine, subject only to the continuation of the trusteeship during the life of the survivor or survivors of the testatrix's three grandchildren. The bill alleged the trustee, the Northern Trust Company, owing to difficulties in the construction of the

will, refused to recognize complainants' claim to the principal of the trust estate and refused to pay them the income until protected by a decree of a court of competent jurisdiction. William's whereabouts had been unknown for a number of years, and his wife and children claimed his share by assignment from him. The wife and children were made defendants and served with a copy of the bill. William was also made a defendant and served by publication without mailing of notice. There were a large number of other non-resident defendants to the bill, some of whom were served by copy of the bill and by publication and mailing notice. Nineteen defendants were served by publication and mailing alone, to addresses in the United States and foreign countries, including Germany and Austria. Such proceedings were had that on April 6, 1920, a decree was entered construing the will and granting relief as prayed. The court decreed that the children of Josephine (and by deeds of assignment from William his wife and children) were entitled to share the net income from the trust estate after their mother's death, and that an undivided one-third of the trust estate vested in them indefeasibly, subject to the continuation of the trust until the death of the last of the three grandchildren of testatrix. The trustee, the Northern Trust Company, was ordered to pay to the beneficiaries named, during the continuance of the trust, their share of the income. No appeal was taken from that decision, but the trustee refused to obey it on the ground that it would not be protected in doing so because (1) William, son of Josephine, and the children and grandchildren of Sarah von Campe and Augusta von Alten, having been served by publication only, were allowed by section 19 of the act to regulate the practice in courts of chancery, three years within which to appear, secure a new hearing, set aside the decree and have a different construction given the will, depriving the children of Josephine of the rights given them by the decree already entered, in which event the trustee

would be liable to pay the income over again to other parties; (2) the statute concerning service of non-resident defendants by necessary implication required not only mailing notice to such defendants but that they have personal access to the tribunal where the suit is pending, which the defendants residing in countries with which this country was at war did not. have; (3) that before obeying the decree the trustee was entitled to the protection afforded by an appeal to this court by some party.

The first question that confronts us is, Has this court jurisdiction of this appeal? Unless a freehold is involved we have no jurisdiction. Whether the decree in the suit to construe the will and declare the rights and interests of the parties is correct or not is in no way involved in this litigation, nor is the proper construction of the will and a determination of the rights and interests of the parties under the will involved. All those matters were adjudged and determined in the decree of April 6, 1920. The question raised by this case is whether it is the duty of the trustee now to obey the order to distribute the income from one-third of the trust estate to the children of Josephine, and whether it would be protected in doing so if, within the three years allowed by the statute, the decree should be set aside and a different construction given the will. Appellants contend the trustee would be protected in obeying the decree, and that if it should be later determined that the decree was erroneous the remedy of those injured by paying income pursuant to the original decree would ·be against those, only, who received money or property under it which they were not entitled to. Appellee contends, and the chancellor sustained its contention, that section 19 is as much a part of the decree of April 6, 1920, as if incorporated in the decree, and that as to non-resident defendants served by publication, only, the decree was provisional and will not become final until the expiration of three years, and would afford no protection to the trustee in distributing the

income until it becomes final. The question, therefore, in the case is not whether appellants are vested with an indefeasible equitable title to a portion of the trust real estate, and, pending the termination of the trust, entitled to the income from it. That question was adjudicated by the decree of April 6, 1920, which was final in the sense that it was appealable and its correctness subject to review in a direct proceeding for that purpose. So far as this case is concerned, that decree must be considered as correct and not subject to review in this case. Two of the testatrix's grandchildren are still living, and the only direction of the decree to be carried out by the trustee during their lives is to pay income from the trust estate. The correctness of the decree of April 6, 1920, is not raised. The decision of the question whether the income is required to be distributed by the trustee before the expiration of three years from the date of the entry of the decree does not involve a freehold. In many decisions from *Sanford* v. *Kane*, 127 Ill. 591, decided in 1889, down to the present time, it has been held that within the sense contemplated by the constitution and statute a freehold is involved only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the decision necessarily involves a decision of that issue. No such question or issue is here raised for decision. The right of appellants, under the will, to one-third of the income from the trust estate is not an issue in this case. The controversy is whether they can compel the trustee to pay it to them now or whether they must wait three years for it.

No freehold being involved and there being no other ground for appealing direct to this court, the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*