# Emily H. Pratt et al.
## v.
## John A. J. Kendig et al.

*Jurisdiction—Freehold.*

| 30 | 281 |
|----|-----|
| 54 | 279 |
| 54 | 557 |
| 30 | 281 |
| 97 | 184 |

Where both parties to a cause in equity claim the title in fee simple to real estate in controversy, this court is without jurisdiction on appeal, a freehold being involved.

[Opinion filed February 13, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding.

Messrs. E. F. Allen and E. K. Smith, for appellants.

Mr. H. S. Monroe, for appellees.

Gary, J.    There was an original bill by appellees, and a cross-bill by appellants, by which, and the answer thereto, the parties respectively claimed the title in fee to the premises in controversy.

The appellees also asked an injunction against the prosecution of a forcible entry suit, by the appellant, Emily. The preliminary question on this record is: Is a freehold involved? for if it is, this court has no jurisdiction of this appeal.    Bremer v. Calumet, etc., Co., 123 Ill. 104.

First, as to enjoining the forcible entry suit.    The ground

upon which it is done is that the fee is in the appellees; that she, by fraud, obtained the prior possession, upon which her right to recover in that suit is based, from a tenant of the appellees then in possession, and that in that suit the appellees could not make a successful defense.

Without determining that the appellees had the title they asserted, and which the appellants denied, the court could not give the relief prayed. If the court had found the title to be in the appellants, and had found that she had, by fraud, obtained possession from a tenant of the appellees, the rule of law that estops a tenant and those coming in under him, to deny the title of the landlord, would have been no ground for relief in equity, however effectual it might be in ejectment. A bill in equity will not lie merely to enforce an estoppel, without equity. Wadhams v. Gay, 73 Ill. 415–437.

In an action of trespass *qu. cl.*, if the defendant pleads *liberum tenementum*, the freehold is involved, and why? Because it must be decided, if that issue is tried, whether the defendant has the title he claims; and therefore this court has no jurisdiction of an appeal in such a case. Piper v. Connelly, 108 Ill. 646.

The ultimate ground of the relief granted is, that the appellees have the title that they assert, which the appellants deny, and *vice versa*, and therefore their act of forcibly regaining the possession she fraudulently took from them is not so rep-.rehensible as to debar them from the aid of the court in keeping what is theirs and not hers. And upon the other ground of removing a cloud upon the title of the appellees, each side asserts title in themselves, and denies it in the other. This brings the case within the decision in Bremer v. Canal, etc., 123 Ill. 104.

If both parties claim the fee, which one of them is right must be a question involving a freehold. The claim of one of them must be without foundation, and the greater or less color for the wrongful claim can only be found after investigation.

The power to investigate is jurisdictional, which must precede investigation. If it were held that a freehold was involved only where both parties' claims were well founded, and that

the court had jurisdiction until it had ascertained that condition to exist, no case would ever be without the appellate jurisdiction of this court because it involved a freehold, for no such case could ever arise.

The appeal must be dismissed because this court has no jurisdiction; that appertains only to the Supreme Court.

*Appeal dismissed.*