## Hibernian Banking Association v. Commercial National Bank.

1. FREEHOLD—*Where Involved.*—A freehold is involved where the title is so put in issue by the pleadings that the decision of the case neccessarily involves a decision of such issue, although the judgment or

decree does not result in one party gaining and the other losing the estate.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and appeal dismissed. Opinion filed July 2, 1894.

WILSON, MOORE & McILVAINE, counsel for appellant.

JOSEPH A. SLEEPER, attorney for apellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The bill in this cause was filed by the appellee, who alleged itself to be the owner in fee simple, absolute, of the real estate involved, under and by virtue of certain proceedings and conveyances set forth.

The prayer of the bill, among other things, was that the complainant might be decreed to be the owner in fee simple, absolute, of the premises; that a certain deed made by Caulfield, a former owner, to the appellant, although absolute on its face, might be declared to be a mortgage, and, as such, barred by the statute of limitations, and that it be cleared off and removed, as a cloud upon appellee's title, and that appellee might be decreed to be the owner of said premises free and clear from the said cloud.

By its answer the appellant denied that the appellee was the owner in fee simple, absolute, of the premises; admitted that the execution sale under a judgment against Caulfield, the former owner, which was one of the sources of appellee's title, took place, and that no redemption was made therefrom, but denied that any title vested in appellee thereby; admitted the conveyance to the appellee by the deed from Caulfield, the former owner, and the taking possession by appellee thereunder, but denied that such possession was taken in good faith, and on the contrary averred that appellee always had known that its only claim to said premises was a lien on such interests it could acquire by such conveyance; admitted a conveyance by a master in chancery to the appellee, under a sale made in pursuance of a decree

in the Warder suit, which was alleged by appellee as another source of its title, but averred matters in denial of the effectiveness of any title acquired under that conveyance.

We have, as we think, stated from the bill and answer all that is necessary to show that the question of freehold is clearly involved, and that the point raised by the appellee that this court is without jurisdiction, is well taken.

A freehold is involved where the title "is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate." Sanford v. Kane, 127 Ill. 591; Malaer v. Hodgens, 130 Ill. 235; Village of Riverside v. Watson, 54 Ill. App. 432.

Here the appellant does not, it is true, claim the freehold itself, but it denies the title of the appellee, upon which the right to any relief by the appellee depends; and in that respect it is, in principle, exactly like cases where the plea of *liberum tenementum* is directly put in issue by a replication, and involves a freehold. Piper v. Connelly, 108 Ill. 646; Town of Brushy Mound v. McClintock, 146 Ill. 643; Sanford v. Kane, *supra;* West Chicago Street R. R. Co. et al. v. Morrison, Adams & Allen Co., 54 Ill. App. 556; Pratt v. Kendig, 30 Ill. App. 281.

The appeal will therefore be dismissed.