## Village of Riverside v. Alexander Watson et al.

1. APPEALS—*Freehold Involved.*—Where a municipal corporation, in a bill for an injunction, avers itself to be the owner in fee simple of certain premises within its limits, upon and over which a party is constructing a bridge, and prays that its title may be established, etc., and the answer denies the same, a freehold is involved.

**Memorandum.**—Bill for an injunction. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1894, and dismissed. Opinion filed July 2, 1894.

FRANK F. REED, attorney for appellant.

APPELLEES' BRIEF, JOHN A. HENRY, ATTORNEY FOR ALEXANDER WATSON.

A freehold is involved where the necessary result of the judgment or decree is such that one party gains and the

other loses a freehold estate, and so where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. Sanford v. Kane, 127 Ill. 591; Malear v. Hudgens, 130 Ill. 225.

A freehold is involved where the right claimed is perpetual easement. Town of Brushy Mound v. McClintock, 146 Ill. 645; Chaplin v. Commissioners of Highways, 126 Ill. 264; Piper v. Connolly, 108 Ill. 646.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

A motion is made by appellee to dismiss this appeal on the ground that the pleadings and record show that a freehold is involved, and therefore this court is without jurisdiction.

The motion must be allowed.

The bill alleges that appellant is a municipal corporation, and the owner in fee simple of certain premises within its limits, as such corporation, upon and over which the appellee is constructing a bridge, and prays, in the language of the bill:

" That the title of your orator to said premises and tract of land   *   *   *   may be established; that said last named premises may be declared, adjudged and decreed to be found public park grounds and commons, and the title of the same vested in your orator;" and also for injunction against appellee from erecting said bridge on said premises, and for general relief.

The allegation of the bill, as to appellant's ownership, after setting out the facts upon which the claim of ownership is based, is as follows :

" Your orator further shows that under and by virtue of the aforesaid facts and proceedings, your orator is seized in trust, for the public use, of an indefeasible title in fee simple of any and all of the aforesaid public parks, grounds, streets and commons in said village, and particular that your orator is seized, as aforesaid, and is the owner as aforesaid, of all the strip of land lying along the northerly and easterly

banks of the Desplaines river, and extending to the middle of said Desplaines river, as a public park, ground and commons, as aforesaid, with the exception of the land actually situated within the definite boundaries of said block 14 in the Second Division of Riverside."

The appellee denies by his answer that appellant "ever was seized of any interest" in the premises in controversy, and claims title thereto in himself.

To maintain the issues below, both parties introduced a chain of record title to the premises, and the whole case depended upon who owned the land upon which the bridge was being erected.

Although injunction was also part of the relief prayed, its granting depended upon the title, which was put in issue by the pleadings, and must necessarily be decided. Under such circumstances a freehold is involved. Sanford v. Kane, 127 Ill. 591; Malear v. Hudgens, 130 Ill. 225; Town of Brushy Mound v. McClintock, 146 Ill. 643.

The appeal is dismissed.