JOHN CHASE, *in Equity, versus* EDWARD MCLELLAN *& als.*

An agreement in a mortgage " that this deed shall commence to foreclose the day after each note becomes due, provided any one remains unpaid, and shall be foreclosed at the end of three years from said next day after any one of said notes becomes due and remains unpaid," is entirely ineffectual.

In proceeding to foreclose a mortgage by publication, the notice must describe the premises so intelligibly, that those entitled to redeem may know, with reasonable certainty, what premises are intended.

Where the mortgager is the person thus interested, the description, " certain parcels of real estate situated in the towns of B. and S. in said county, and being certain undivided parts of a fulling mill and clothing mill, and house lot situated in S. Island, occupied by said C., [the mortgager,] and G. L. H.; also a certain dwellinghouse and barn, with the land belonging to the same, situated in said S., and now occupied by said C." is sufficient.

A promise by a mortgagee, who has commenced proceedings to foreclose, to give the mortgager six months after the time of redemption would expire in which to redeem, opens the mortgage for that time, not beyond it.

Chase *v.* McLellan.

BILL IN EQUITY.

The case, heard on bill, answer and proof, is sufficiently stated in the opinion.

*Webster*, for plaintiff.

The description of the premises in the notice of foreclosure is defective, and therefore, the proceedings are void. *Spring* v. *Haines*, 21 Maine, 126; *Ford* v. *Erskine*, 45 Maine; *Holbrook & als.* v. *Thomas*, 38 Maine, 256.

2. The foreclosure was waived by McLellan. This may be done by a parol agreement, or it may be inferred from the acts of the mortgagee. 2 Hill. on Mort., 17, 18. *Fisher* v. *Shaw*, 42 Maine, 32, 39; *Basham* v. *McIntire*, 19 Pick., 346.

McLellan admits he waived the foreclosure for six months. But once waived, it is gone forever. 19 N. H., 403, 416.

*Abbott*, for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J.—The complainant prays for a decree that he be allowed to redeem a mortgage given by him to Samuel Soule, on January 22, 1846, of real estate described therein. He alleges, in his bill, that the mortgage was given as security for the sum of $1000, payable in four equal annual instalments, with interest annually, according to his four notes, bearing even date with the mortgage. On August 29, 1850, the complainant gave another mortgage to said Soule, of the same real estate, to secure another note of the date of the second mortgage, for the sum of $132,70, payable in one year with interest. On the same 29th day of August, 1850, the aforenamed mortgages and notes were assigned by the mortgagee to Edward McLellan, one of the defendants, who, on the same day, entered into possession of the premises, but not for the purpose of foreclosure, and has kept the complainant out, since that time.

It is also alleged in the bill, that McLellan, the defendant, on July 1, 1853, conveyed that portion of the premises,

upon Skowhegan Island, and other real estate, to Charles B. Foster, and at the same time took a mortgage of the same as security of the purchase money, and has commenced proceedings to foreclose the mortgage so given by Foster. That the said defendant, on August 18, 1855, conveyed to Stephen Coburn a small portion of the residue of the estate, conveyed by the complainant in mortgage to Soule, situated in Skowhegan, which portion was conveyed by said Coburn to Samuel Searle, and Benjamin F. Lane, by quitclaim deed, and the grantees were the owners thereof at the time of the institution of this suit; that the remainder of the real estate, in the town of Skowhegan, of the premises in the complainant's deed in mortgage to Soule, of Jan. 22, 1846, was conveyed by said McLellan to Wm. M. Lewis, on July 2, 1858, who conveyed the same in mortgage, to said McLellan, to secure the consideration of his deed.

The mortgage from the complainant to Soule, of January 22, 1846, contains the following:—"It is agreed, that this deed shall commence to foreclose the day after each note becomes due, provided any one remains unpaid, and shall be foreclosed at the end of three years from said next day after any one of said notes becomes due and remains unpaid."

It is agreed by the parties, that the notice, of which the following is a true copy, was published in "The People's Press," a public newspaper, printed in the town of Skowhegan, in the county of Somerset, three weeks successively, the paper containing the last publication being dated May 8, 1848, and that a copy of such printed notice, and the name and the date of the newspaper in which it was last published, was caused to be recorded by said Samuel Soule, the mortgagee, in the Registry of Deeds for the county of Somerset, within thirty days after the said last publication. "Whereas John Chase, of Skowhegan, county of Somerset, on the 22nd day of January, A. D., 1846, conveyed to me, by his mortgage deed of that date, certain parcels of real estate, situated in the towns of Bloomfield and Skowhegan, in said county, and being certain undivided parts of a fulling mill

and clothing mill, and house lot, situated on Skowhegan Island, occupied by said Chase and G. L. Hill, also, a certain dwellinghouse and barn, with the land belonging to the same, situated in said Skowhegan, and now occupied by said Chase, a full description of all which premises may be seen on the records of said county Registry, on book 62, page 423, and whereas the condition in the said mortgage has been broken, by reason whereof I claim to foreclose the same. Skowhegan, Feb. 1, 1848. Samuel Soule."

I. The complainant insists, that the evidence contained in the foregoing, is not sufficient to establish the foreclosure of the mortgage, given by the complainant to Samuel Soule, dated January 22, 1846, from and after that, which took place, and which is relied upon by the defendants as being the commencement of the three years within which redemption must take place, to prevent such foreclosure.

The agreement contained in the mortgage deed was entirely ineffectual. It was not any mode provided by the statute, by which a foreclosure can be effected. The second manner in which a foreclosure may take place, according to the statutes of 1841, c. 125, § 3, contemplates an entry by the mortgagee after condition broken, for the purpose of foreclosure, by consent in writing of the mortgager or the person holding under him. No entry was made by the written consent of the complainant.

It is contended on the part of the complainant, that the notice dated February 1, 1848, and recorded on March 9, 1848, was essentially defective, in not describing the mortgaged premises intelligibly. The statute does require that the mortgagee, or any other person, claiming under him, not desirous of taking and holding possession of the premises, may give public notice, &c., of his claim by the mortgage on such real estate, describing such premises intelligibly, and naming the date of the mortgage, and that the condition in the same has been broken, by reason whereof he claims a foreclosure.

The notice in question contains the statement of the mort-

gagee's claim, the date of the mortgage, and the breach of the condition therein.   It is not required that the description of the premises shall be given as contained in the deed, any further than is necessary that they may be understood by those who are interested therein.   But it should be such that those entitled to redeem should know with reasonable certainty what premises are intended.   The party in this case who had the right to redeem, and who now makes the objection, was the mortgager himself, and we cannot doubt that the premises were intelligibly described, even if no reference had been made to the Registry of Deeds, so that he could not fail to understand the premises as perfectly as he would have done if the description of the deed was copied into the notice.   No suggestion is made, that he did not in fact fully understand the real estate which was intended by the party giving the notice; but, on the other hand, he treated the notice as sufficient till after the three years from its record had elapsed.   The notice is a compliance with the statutes of 1841, c: 125, § 5, first mode.

II.  It is contended for the complainant, the right obtained by McLellan, the defendant, under the notice given by Soule, his assignor, was waived, so that the mortgage was open, and the right of redemption has continued till the time when the complainant made his demand for an account, and so exists to the present time.

According to McLellan's deposition, the complainant called on him a short time before the foreclosure under the notice would take place, and informed him that the time in which he could legally redeem the property would expire very soon, and the friend, who he expected would aid him in obtaining the money, would be unable to have it in season; would however furnish it about six months after the right in equity of redeeming would expire; and McLellan informed him that he would not avail himself of his legal rights, but would give him six months after the time when the right of redemption would expire in which to redeem it; thereupon the complainant expressed his gratitude for the

promised indulgence. And it is in evidence that McLellan often said he did not wish to take advantage of the complainant—and this was said before and after the three years, when the notice became effectual to foreclose.

When this evidence is examined, it is manifest that Mc-Lellan was influenced by a wish to obtain the payment of his notes, and, to do this, he was not disposed to exact of the complainant his strict legal rights, provided a short delay would enable the complainant to redeem. The extension of the time was definite and fixed, and the mortgage was opened so far, but not beyond it. And there is no evidence in the case that any further indulgence was agreed upon between the parties.

But the fact that the complainant treated the foreclosure as having taken place, which appears by the deposition given by him in this case, and his not only having consented to the conveyances made by McLellan afterwards, but having procured them to be made under the expectation of still deriving some benefit from the property, is conclusive evidence that he made no agreement with McLellan, that the latter should waive his rights, and the complainant should be admitted to redeem, as though no attempt had been made to foreclose the mortgage.

The complainant admits that he treated the mortgage as foreclosed, and he supposed it was so by virtue of the published notice and registry thereof, but it was under a full belief that it was so; and it was only from the conviction that in this belief he fell into an error, as to the law, that he spoke of his right to redeem as being extinguished. As we have decided the notice sufficient, it follows that the complainant did not err in his opinion, and this disposes of his ground that the mortgage was open to redemption by the waiver of the defendant McLellan.

The mortgage having been foreclosed long before the institution of this suit, *the bill must be dismissed.*

RICE, APPLETON, MAY, GOODENOW and KENT, JJ., concurred.