WILLIAM J. NICHOLS

*v.*

CHARLES C. OTTO *et al.*

*Filed at Ottawa January 21, 1890.*

1. PURCHASERS—*sale under power in mortgage—who may become a purchaser.* Where a mortgage confers a power of sale upon the mortgagee, and a third party becomes a purchaser at a sale under such power, for the benefit of the mortgagee, the sale will be invalid, and may be set aside at the instance of the holder of the equity of redemption, as against the purchaser.

2. The mortgagee, in such case, can not, properly, become the purchaser, either directly or indirectly. Such a sale, however, is not absolutely void, but only voidable. The holder of the equity of redemption may repudiate the sale, or affirm it.

3. LACHES—*setting aside sale under power in mortgage—for irregularities.* Where the owner of the equity of redemption knows of defects attending the sale under a power in a mortgage, he must, as a general rule, proceed with diligence in his application to set the sale aside, or a court of equity will refuse him relief. No particular time is prescribed in which such relief must be sought, but each case must depend on its own facts and circumstances.

4. SAME—*excuse for delay—agreement to allow redemption.* If, before a sale is made by a mortgagee under a power in the mortgage, for his own benefit and use, he agrees with the mortgagor to give him thereafter the right and privilege of redeeming from such sale, then *laches* should not be imputed to the mortgagor in respect to setting the sale aside, until such time as the mortgagee shall repudiate the arrange-

ment and claim the property free from any right to redeem. *Laches* can not be imputed to one who has delayed invoking the aid of a court of equity, relying upon a contract conferring the right of redemption.

5. APPEAL—*whether a freehold involved—bill to set aside deeds.* In a suit relating to the title to real estate, where a decree is entered setting aside certain deeds under which one of the parties claims title, the result of which is to place the title in the other, the litigation will involve a freehold, and the case, on appeal or error, may be taken directly to this court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

This was a bill in equity, brought by Charles C. Otto and Louisa C. Otto, against William J. Nichols and others, to set aside two deeds made by Nichols to Daniel P. Hathaway, and also a deed from Hathaway to Nichols, purporting to convey certain premises in Chicago, formerly owned by Charles C. Otto and Louisa C. Otto, the complainants, and also to redeem from two mortgages executed by the complainants to Nichols, under which the premises in question had been sold by Nichols.

The facts, briefly stated, are as follows: In 1871, by mortgage deed dated November 27, 1871, the Ottos conveyed to Nichols certain premises in Chicago, to secure payment to him of certain notes of the same date, and made by Charles C. Otto to the order of Nichols, viz.: One $12,000 note, due five years after date, and drawing interest at ten per cent from date, and ten notes for $600 each, due, respectively, in six, twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four and sixty months from date, and drawing interest at ten per cent from maturity, the notes for $600 each being for interest accruing on the $12,000 note before its maturity. In 1872, by mortgage deed dated October 4, 1872, the Ottos conveyed to Nichols certain premises in Chicago, including in part the premises covered by the mortgage deed of November 27, 1871, to secure payment to him of certain notes of the same date, and made by Charles C. Otto to the

·order of Nichols, viz., one $13,000 note, due five years after date, and drawing interest at ten per cent from date, and ten notes for $650 each, and due, respectively, in six, twelve, ·eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four and sixty months from date, and drawing interest at ·ten per cent from maturity, the notes for $650 each being for interest accruing on the $13,000 note before its maturity. The mortgages provided, that in default of payment of any ·note described therein, Nichols might sell the premises at public auction, and upon making sale, execute and deliver to the purchaser a deed in his own name, and apply the proceeds in payment of the debt. Default having been made in the payment of notes secured by each mortgage deed, Nichols, on ·October 2, 1876, having given due notice, did, under the pow- ·ers contained in each mortgage deed, sell the mortgaged prem- ises at public auction for the payment of the mortgage debt, .and struck off the same to Daniel P. Hathaway, who was the highest bidder, and was bidding on behalf of Nichols, and thereupon Nichols made deeds to Hathaway, conveying to him, under the powers contained in the mortgage deeds, the prem- ises so sold, for the amount of his bids, $17,500, and Hathaway ·at once made deed, conveying the premises to Nichols for the .amount of said bids, $17,500, which deed was immediately, with the two deeds to Hathaway, filed for record in the re- ·corder's office of Cook county. After the sale, Nichols, through his agents, took possession of the property, and he has held ·possession ever since, receiving the rents. Otto occupied a part of the property at the time of the sale, and he has con- ·tinued to occupy such portion, paying rent to Nichols.

Answers were put in by the defendants, replications filed, and on a hearing upon the pleadings and evidence, a decree ·was rendered, in which the deeds from Nichols to Hathaway, and the deed from Hathaway to Nichols, were set aside, and the complainants were allowed to redeem. To reverse the ·decree Nichols sued out this writ of error.

Mr. ABNER SMITH, and Mr. J. M. H. BURGETT, for the plain-tiff in error:

The Appellate Court erred in dismissing the cause for want of jurisdiction. *Lynch* v. *Jackson,* 123 Ill. 360; *Hollingsworth* v. *Koon,* 113 id. 443; 13 Bradw. 158; *Bremer* v. *Canal and Dock Co.* 123 id. 104.

This is a bill to redeem, and if the complainant is entitled to redeem the property, the payment of the indebtedness will discharge the defendant's lien.   Hence the title is not involved in the litigation.   *Lynch* v. *Jackson,* 123 Ill. 360; *Barrett* v. *Hinckley,* 124 id. 32.

Complainant's long acquiescence in the sale amounts to an equitable bar.   *Munn* v. *Burges,* 70 Ill. 604; *Gibbons* v. *Hoag,* 95 id. 45; *Walker* v. *Carrington,* 74 id. 446; *Noyes* v. *True,* 23 id. 503; *Prather* v. *Hill,* 36 id. 402; *Hay* v. *Baugh,* 77 id. 500.

The following delays in seeking relief have been held a bar:

Seven years:   *Breit* v. *Yeaton,* 101 Ill. 242; *Munn* v. *Burges,* 70 id. 604; *Dempster* v. *West,* 69 id. 613; *Maher* v. *Farwell,* 97 id. 56; *McDonald* v. *Stow,* 109 id. 40.

Six and a half years' delay:   *Campau* v. *Van Dyke,* 15 Mich. 371.

Five years' delay:    *Medsker* v. *Swaney,* 45 Mo. 273; *Danforth* v. *Roberts,* 20 Me. 307; *Williams* v. *Rhodes,* 81 Ill. 571; *Cleaver* v. *Green,* 107 id. 67; *Fitch* v. *Willard,* 73 id. 92.

Four years' delay, "even if rights of third persons have not intervened:" *Bush* v. *Sherman,* 80 Ill. 160; *Hoyt* v. *Pawtucket Inst.* 110 id. 399; *Speck* v. *Pullman Co.* 121 id. 60; *McHany* v. *Schenck,* 88 id. 365; *Fitch* v. *Willard,* 73 id. 107; *Estes* v. *Furlong,* 59 id. 302; *Hamilton* v. *Lubukee,* 51 id. 420; *Sloan* v. *Graham,* 85 id. 30.

Three years and eight months' delay:   *Jones* v. *Smith,* 33 Miss. 215.

Three years' delay:   *Jennison* v. *Hapgood,* 7 Pick. 1; *Campau* v. *Van Dyke,* 15 Mich. 379.

One year's delay: *Scott* v. *Freeland,* 7 S. & M. 409. See *Jones* v. *Smith,* 33 Miss. 268; *Hamilton* v. *Lubukee,* 51 Ill. 420; *Bush* v. *Sherman,* 80 id. 175; *Sloan* v. *Graham,* 85 id. 30.

If the delay is not excused, the defendant may demur, or the court, *sua sponte,* may dismiss the bill, even though the defense is not set up in the pleadings. *Speidell* v. *Henrici,* 120 U. S. 377; *Sullivan* v. *Railway Co.* 94 id. 806; *Baker* v. *Biddle,* 1 Baldwin, 394; *Bank* v. *Carpenter,* 101 U. S. 567; *Lansdale* v. *Smith,* 106 id. 391; *Maxwell* v. *Kennedy,* 8 How. 210; *Badger* v. *Badger,* 2 Cliff. 137; 2 Wall. 87; *Stearns* v. *Page,* 1 Story, 204; 7 How. 819; *Marsh* v. *Whitmore,* 21 Wall. 178; *Godden* v. *Kimmell,* 95 U. S. 201; *Piatt* v. *Vattier,* 9 Pet. 405; *Furlong* v. *Riley,* 103 Ill. 628; *Lloyd* v. *Kirkwood,* 112 id. 329; *Walker* v. *Ray,* 111 id. 315; *Bell* v. *Johnson,* id. 374; *Beach* v. *Shaw,* 57 id. 17; *Maher* v. *Farwell,* 97 id. 56; *Pratt* v. *Mining Co.* 24 Fed. Rep. 869; *Bliss* v. *Prichard,* 67 Mo. 181; *Pierson* v. *David,* 1 Clarke, (Ia.) 23.

Messrs. HOLDEN & FARSON, for the defendants in error:

Purchase by the mortgagee at his own sale, in the name of another, is ground for avoiding the sale. *Mapps* v. *Sharpe,* 32 Ill. 13; *Hall* v. *Towne,* 45 id. 495; *Ross* v. *Demoss,* 45 id. 448; *Roberts* v. *Fleming,* 53 id. 200; *Harper* v. *Ely,* 56 id. 193; *Pensonneau* v. *Bleakley,* 14 id. 15; *Robbins* v. *Butler,* 24 id. 387; *Lockwood* v. *Mills,* 39 id. 603; *Miles* v. *Wheeler,* 43 id. 123; *Thorp* v. *McCullum,* 1 Gilm. 614; *Farrar* v. *Payne,* 73 id. 86; *Hamilton* v. *Lubukee,* 51 id. 415.

The agreement to give time to redeem relieved the case of the question of *laches.* The transaction was but a new and further security. Contracts extending time of redemption will be enforced. *Insurance Co.* v. *Slee,* 110 Ill. 39; *Thompson* v. *Lee,* 31 Ala. 292; *Davis* v. *Dresback,* 81 Ill. 397; *Stephens* v. *Insurance Co.* 43 id. 327; *Schoonhoven* v. *Pratt,* 25 id. 457; *Lucas* v. *Nichols,* 66 id. 41; *Pensoneau* v. *Pulliam,* 47 id. 58;

*Reigard* v. *McNeil,* 38 id. 400; *Honnihan* v. *Friedman,* 13 Bradw. 229; *Insurance Co.* v. *White,* 106 Ill. 67.

As to the *laches* in filing bill, see *Stiger* v. *Bent,* 111 Ill. 341; *Hancock* v. *Harper,* 86 id. 453; *Sloan* v. *Graham,* 85 id. 30; *Manning* v. *Warren,* 17 id. 267; *Harris* v. *McIntyre,* 118 id. 289.

Otto had a right to rely on Nichols' promise. *Laches* can not be imputed to him while he relied on it. *Yeck* v. *Crum,* 122 Ill. 275.

If the debtor is fully impressed by the conduct of the creditor that the day of redemption has not elapsed, and at the first exhibition of impatience on the part of his creditor he at once comes forward, he is not barred by *laches.* *Pensoneau* v. *Pulliam,* 47 Ill. 65.

The delay must be unreasonable and be unexplained. *Bush* v. *Sherman,* 80 Ill. 175; *Howe* v. *Park Comrs.* 119 id. 117.

Prejudice must result from the delay to constitute *laches.* *Gibbons* v. *Hoag,* 95 Ill. 69.

*Laches* can not be imputed if they proceed to act as soon as they discovered the facts. *Harper* v. *Ely,* 56 Ill. 196; *Breit* v. *Yeaton,* 101 id. 272; *Graham* v. *Day,* 4 Gilm. 394.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

A motion was entered in this case to dismiss the writ of error on the ground that a freehold was not involved. We do not regard the motion as well founded. The complainants allege and claim that they own the title to the premises, while, on the other hand, Nichols claims the title under a sale by virtue of the power contained in a mortgage executed by complainants to him. Both parties claimed title to the premises. The title was thus in issue, and the court, from the evidence, determined that complainants held the title, and entered a decree divesting the title that Nichols claimed under the deeds from Nichols to Hathaway and from Hathaway to him. Under

the ruling in *Sanford* v. *Kane*, 127 Ill. 591, and the cases there cited, we think it plain that a freehold is involved. The motion to dismiss the writ of error will therefore be overruled.

It is conceded in the argument that Nichols purchased at his own sale,—that the name of Hathaway was used as a mere conduit for the conveyance to Nichols of the interest which the complainants held in the premises. Where a mortgage confers a power of sale upon the mortgagee, and a third party becomes a purchaser at a sale, under such power, for the benefit of the mortgagee, the authorities all agree that the sale is invalid, and may be set aside at the instance of the holder of the equity of redemption, as against such purchaser. (*Harper* v. *Ely*, 56 Ill. 179; *Lockwood* v. *Mills*, 39 id. 603; *Miles* v. *Wheeler*, 43 id. 123; *Hamilton* v. *Lubukee*, 51 id. 415.) It is therefore plain that Nichols had no right to become a purchaser at the sale. He could not, lawfully, at the same time act as vendor and purchaser. But a sale of that character is not absolutely void—it is voidable, only. (*Munn* v. *Burges*, 70 Ill. 611.) After the sale was made, the owners of the equity of redemption might ratify it, and if they did so, the sale would become valid; or they could repudiate the sale, and cause it to be set aside by an appropriate proceeding in a court of equity.

It will be observed that the sale under the mortgage was made on the 2d day of October, 1876, while the bill in this case was not filed until July 13, 1883,—a period of six years and nine months; and it is insisted that complainants are barred of relief by their *laches*. The deed from Nichols, the trustee, to Hathaway, and the deed from Hathaway back to Nichols, were placed on record immediately after the sale, and Nichols at once went into possession of the property. The fact, therefore, that Nichols was a purchaser at his own sale was known to complainants at the time the sale occurred; and the law is well settled, that where the owner of the equity of redemption knew of the defects attending a sale, he must, as

a general rule, proceed with diligence in his application to set the sale aside, or a court of equity will refuse relief. In *Bush* v. *Sherman*, 80 Ill. 175, in discussing this question, the court said: "The principle that lies at the foundation of all the cases in this court upon this subject is, the party who challenges a sale on account of irregularities that may have intervened, must be diligent in discovering that which he alleges will avoid the sale, and diligent in his application for relief."

It is true that no general rule has been established fixing a definite time in which a bill shall be filed to set aside a sale in a case of this character. As a general rule, each case, as it has arisen, has been determined on its own peculiar facts and circumstances. Here the reason assigned by the complainants for not invoking the aid of a court of equity at an earlier day is, that Nichols agreed, before the sale, to return the property to the complainants at any time, upon payment of principal and interest. In support of the agreement of Nichols, the complainant, Otto, testified, that Nichols, before the sale, said to him, in the presence of Rudolph Schlosser, "I don't want the property. You may redeem at any time. I only want the money and interest." In corroboration of this evidence, Schlosser testified that he had two conversations with Nichols before the sale; that he talked with him in regard to the proposed sale of the property, and that Nichols said, in substance, he would at any time be ready to return the property on payment of capital and interest loaned on the property. These conversations are denied by Nichols, and some evidence was introduced tending to sustain his denial.

But there is one admission made by Nichols which gives support to the alleged arrangement relied upon by complainants. Nichols admits, in his evidence, that before the sale he offered to give Otto ten years to redeem, provided he would give him a quitclaim deed of the premises; but he says the proposition was rejected by Otto. From this admission it is apparent, that whether Otto should be allowed to redeem after

the sale was a question under negotiation between the parties, and if Schlosser is to be believed,—and he seems to be an impartial and disinterested witness,—disregarding the evidence of Otto, it is apparent that Nichols and Otto came to an understanding that the latter might, at some future time, redeem from the sale. If, therefore, such an arrangement was made, and Otto acted and relied upon it with the honest belief that he had the right of redeeming the property from the sale, then *laches* ought not to be imputed to him until such time as Nichols should repudiate the arrangement, and claim absolutely to own the property, unincumbered of any right of redemption. Had there been no evidence whatever of an understanding or arrangement between the parties in regard to the right of Otto to redeem, we are satisfied that complainants would be barred from relief on account of their *laches;* but *laches* can not be imputed where one has delayed invoking the aid of a court of equity, relying upon a contract conferring the right of redemption. The rule is well established, that courts will enforce agreements to extend the time of redemption which have been entered into while the right to redeem exists. (2 Jones on Mortgages, sec. 1053; *Chase* v. *McLean,* 49 Me. 375; *Dodge* v. *Brown,* 31 Mich. 227; *Union Mutual Life Ins. Co.* v. *White,* 106 Ill. 69.) In the case last cited, a bill to redeem was not filed until three years after a sale, and it was sustained on the express ground that an agreement had been made before the sale, extending the time of redemption. If the right of redemption may be extended, by agreement, for three years, we perceive no reason why it may not be extended for a longer period.

The decree of the circuit court will be affirmed.

*Decree affirmed.*