## J. F. Humphreys & Co. v. J. M. Roth et al.

1. FREEHOLD—*When involved.*—A proceeding by bill in chancery, to transfer the legal title to real estate from one party to another, involves a freehold.

**Memorandum.**—Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Appeal dismissed as involving a freehold. Opinion filed February 11, 1895.

J. O. CUNNINGHAM and E. BARRY, attorneys for appellant.

APPELLEES' BRIEF, THOMAS J. SMITH, ATTORNEY.

By the original bill in this case, the appellant seeks to perfect title in itself to the property in controversy, and therefore the freehold estate is involved. A subject which is not within the jurisdiction of this court. Sec. 28,

Chap. 37, S. & C. Statutes; Chicago R. Co. v. Watson, 105 Ill. 217; Neimeyer v. Knight, 7 Brad. 200; Bridges v. Rice, 99 Ill. 414; Oswald v. Wolfe, 126 Ill. 542; Farmers' Nat. Bank v. Sperling, 113 Ill. 273.

The appeal, therefore, in this case should be dismissed for want of jurisdiction of this court to try the subject-matter of this litigation.

Mr. Presiding Justice Wall delivered the opinion of the Court.

Appellant sued out a writ of attachment and levied upon the lot in dispute as the property of J. M. Roth. Such proceedings were had that the appellant obtained a judgment and bought in the lot upon a sale under special execution.

Holding the certificate of purchase, appellant filed the bill in this case, alleging, in effect, that Savage held the legal title for the benefit of Roth, and asking appropriate relief. Ida Roth, wife of J. M. Roth, who was made a party defendant, filed her cross-bill alleging that she was the owner of the equitable title and asking that Savage be required to convey to her. The court upon hearing the evidence orally, dismissed the original bill and granted the relief as prayed in the cross-bill. The question of fact was sharply contested, and as the evidence was oral, we must defer very largely to the conclusion reached by the chancellor. We are not able to say that his finding on the facts was erroneous. It is suggested, however, that a freehold is involved in the controversy.

The scope of the bill was to transfer the legal title from Savage to complainant or to Roth. The scope of the cross-bill was to transfer it to Mrs. Roth.

If it was her money that paid for the lot, as she alleged and proved to the satisfaction of the court, the lot was hers. If it was the husband's money then the title should have been vested in him, or in the complainant, if the time of redemption had expired.

It is not like the case where property is fraudulently conveyed by a debtor to hinder his creditor.

In such case the conveyance is good as between the parties thereto, but the grantee takes the property subject to a lien for the debt. Here the legal title never was in the debtor, but it was sought to vest it in him as against another who asserted ownership. We are inclined to hold that the controversy involved a freehold, and therefore must dismiss the appeal. The appellant may withdraw record, abstracts and briefs. Appeal dismissed.