## Samuel Eppstein et al. v. Herman Nathan et al.

1.  JURISDICTION—*Section 3 of the Chancery Act Construed.*—Section 3 of the Chancery Act, requiring suits affecting real estate to be brought in the county where such real estate lies, does not apply to a case where the relief sought does not require the court to deal directly with the estate itself, nor authorize a creditor to maintain a bill to set aside a fraudulent conveyance of his debtor, outside of the county where the debtor resides or may be found.  In such a case the court declares the conveyance void as an obstruction to the creditor's legal remedy, but does not act upon the land itself.

·2.  FREEHOLD—*When Not Involved.*—A proceeding by bill in chancery to set aside a conveyance of real estate as in fraud of the rights of a creditor of the grantor does not involve a freehold, and an appeal lies to this court from a decree in such a case.

**Bill**, to set aside a fraudulent conveyance.  Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding.  Heard in this court at the November term, 1896.  Reversed and remanded.  Opinion filed June 16, 1897.

GERE & PHILBRICK and WILLIAM E. O'NEILL, attorneys for appellants.

THOMAS J. SMITH, attorney for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Herman Nathan filed his bill in chancery in the Circuit Court of Champaign County against Samuel Eppstein and Paulina Eppstein, and caused a summons to be issued to the sheriff of Cook county.  The writ was served upon said defendants in Cook county, where they then resided and were found.  They filed their plea to the jurisdiction, alleging that they were residents of, and were served in Cook county, and that the bill did not affect real estate in Champaign county.  The plea was held bad on demurrer, and, failing to answer further, a decree *pro confesso* was entered and the cause was referred to the master to take evidence.

At the next term the complainant took leave to amend

his bill, and a rule was entered requiring defendants to answer, and upon their failure so to do, a decree *pro confesso* was again entered, from which the present appeal is prosecuted.

The amended bill averred that complainant held a judgment in the Circuit Court of Cook County against said Samuel Eppstein, upon which an execution was issued to the sheriff of Champaign county, and that a levy thereof was made upon certain real estate in the last named county as the property of the said defendant, Samuel Eppstein, and that a certificate of levy was filed in the office of the recorder of said county; that prior to the rendition of said judgment the said Eppstein was the owner of said real estate, and obtained credit from complainant upon the faith of such ownership; that said Eppstein conveyed said property without consideration to one Callon, who also conveyed the same without consideration to the said Paulina Eppstein, and that these conveyances were for the fraudulent purpose of hindering and delaying the creditors of said Samuel. Prayer that the said conveyances be held null and void, and that the title to said premises be declared to be in said Samuel and subject to sale under said judgment. The question is now presented whether the Circuit Court of Champaign County had jurisdiction of the defendants, and this depends on whether the suit affected real estate within the meaning of the third section of the chancery act. In the case of Enos v. Hunter, 4 Gilm. 211, the section was considered, and again in Johnson v. Gibson, 116 Ill. 294. In the former the object was to compel a conveyance of land in another county, and in the latter the point was with reference to a decree setting aside certain conveyances of lands lying in another county as fraudulent as against creditors. It was held that such proceedings do not affect real estate within the meaning of the statute. In the latter case the court, after some discussion of the subject, remark:

" So, if a failing debtor makes fraudulent conveyances of his real estate for the purposes of hindering and delaying his creditors, the latter may maintain a bill in

equity in any jurisdiction where the debtor and fraudulent vendee may be found, for the purpose of having them declared void as to the complaining creditor. In such case the court does not act upon the land or make any reference to it. It simply declares a certain transaction relating to land fraudulent as between the complainant and the offending parties, and thus removes it as an obstruction to the creditor's legal remedy."

We are inclined to hold upon the authority of these cases that the objection to the jurisdiction was well taken, and that it was error to sustain the demurrer to the plea. Indeed it was not the proper practice to interpose a demurrer to the plea. The plea should have been set down for hearing, but the parties treated the demurrer as equivalent thereto, and it is immaterial now.

The plea seems to be full and formal, and we see no reason why the defendants should have been deprived of the right to be sued only in the proper county, a right which is substantial and valuable.

It is suggested a freehold is involved, and that this court has therefore no jurisdiction of the subject-matter. Citing Humphreys v. Roth, 57 Ill. App. 40.

The opinion there discriminated between that case and one like the present. We think no freehold is involved. We feel constrained to hold that for the error indicated the decree must be reversed and the cause remanded.