Harry Smith and Nellie S. Smith v. William L. Patton,
Trustee in Bankruptcy of the Estate and Effects of
Harry Smith.

1.   APPELLATE COURT JURISDICTION—*Where a Freehold is Involved.*
—Where the question between the appellant and the appellee is one
involving the title to lands, a freehold is necessarily involved and the
Appellate Court can not do otherwise than to dismiss the appeal.

2.   FREEHOLD—*When Involved Within the Meaning of the Constitu-
tion.*—A freehold is involved within the meaning of the constitution and
statute, where the necessary result of the judgment is that one party
gains and the other loses a freehold estate, or where the title is so put
in issue by the pleadings that the determination of the case necessarily
requires a decision of such issue.

3.   SAME—*When Involved in a Proceeding in Chancery.*—A proceed-
ing by a bill in chancery to transfer the legal title to real estate from
one person to another, involves a freehold; as where a bill is filed by a
trustee in bankruptcy to set aside a fraudulent conveyance, alleged to
have been executed by the bankrupt.

4.   SAME—*Power of the Appellate Court to Investigate the Question.*
—The Appellate Court has jurisdiction to investigate the question as to
whether a freehold is in fact involved in a pending litigation, and having
determined the question in the affirmative, its jurisdiction over the case
ceases with its order of dismissal.

**Bill to Set Aside a Fraudulent Conveyance.**—Appeal from the Cir-
cuit Court of Edwards County; the Hon. PRINCE A. PEARCE, Judge,
presiding. Heard in this court at the August term, 1901. Dismissed.
Opinion filed October 21, 1901.

R. P. HANNA, H. J. STRAWN and J. M. CAMBPELL, attor-
neys for appellants.

L. W. LOW, JR., and C. H. PATTON, attorneys for appellee.

OPINION PER CURIAM.

This was a bill in chancery in the Circuit Court of
Edwards County, by appellee, as trustee in bankruptcy of
the estate and effects of appellant Harry Smith, bankrupt,
to recover from appellant Nellie S. Smith, certain real
estate and personal property. The real estate consists of a
large number of lots and tracts of lands situate in the coun-

ties of Edwards, Clinton and Wayne, in the State of Illinois. These lands were conveyed by one Susan Smith to appellant Nellie S. Smith, and by and through this deed Nellie S. Smith claims to be the absolute owner in fee of all said lands. Appellee claims that prior to and at the time of the conveyance from Susan Smith to Nellie S. Smith, and prior to and at the time that Harry Smith was adjudged a bankrupt, that he was the equitable owner of these lands, and that by and through the proceedings and judgment in bankruptcy, appellee, as trustee in bankruptcy of the estate and effects of said Harry Smith, succeeded to Harry Smith's title. Appellee claims title through Harry Smith, and appellant Nellie S. Smith claims title in fee through Susan Smith.

Appellee sets up and avers in his bill:

"That on the 28th day of December, A. D. 1899, a petition was filed in the District Court of the United States for the Southern District of Illinois, by said Harry Smith, praying that the said Harry Smith be declared and adjudged a bankrupt, in accordance with the act of Congress of the United States, approved July 1, 1898, in such case made and provided. That thereafter such proceedings were duly had in said matter of bankruptcy, in the said United States Court, that the said Harry Smith was thereafter, on, to wit, the 28th day of December, 1899, by an order of said court, duly adjudged a bankrupt; and thereupon the said cause in bankruptcy was then and there by the said United States District Court duly referred to Hon. W. E. Shutt, as referee in bankruptcy of said estate and effects of the said Harry Smith, bankrupt, for further proceedings in said cause in bankruptcy, in accordance with the act of Congress aforesaid.

"And thereupon the said referee in bankruptcy issued his notice, according to law, appointing a meeting of the creditors of said bankrupt to prove their debts and choose a trustee of the estate of said bankrupt, at a court of bankruptcy to be holden on the 18th day of January, A. D. 1900, at 10 o'clock A. M., before the said referee in bankruptcy, at his office in the United States Court House, in the city of Springfield, in said Southern District of Illinois, as provided by law. That afterwards, to wit, on the 18th day of January, A. D. 1900, a meeting of the creditors of said

bankrupt was held before the said referee in bankruptcy, at the time and place appointed in the notice thereof aforesaid, at which time and place claims were filed and proved and allowed before said referee * * * against the estate of said bankrupt. * * * And thereupon, at the same time and place, your orator was by the said creditors of said bankrupt, duly chosen and elected as trustee in bankruptcy of the estate and effects of the said Harry Smith, bankrupt, and then and there gave his bond and took the oath of office; by means whereof and by the operation of law, the said estate and effects of the said bankrupt then and there thereby became assigned to and vested in your orator as trustee aforesaid. * * * Your orator further shows unto your honor, that on the 19th day of April, A. D. 1899, and up to and at the time of the filing of said petition in bankruptcy, the said Harry Smith was the equitable owner of the following described * * * real estate, to wit: (Here follows the description of a large number of lots and tracts of land.) But the legal title to which said real estate was and is in the defendant Nellie S. Smith * * * and the said Nellie S. Smith received title to said real estate by deed from Susan Smith." (Here follows a lengthy statement charging that the conveyance was procured to be made to Nellie S. Smith by Harry Smith, for the purpose of defrauding his creditors.) Then follows: " Your orator, as trustee aforesaid, further avers that by the provisions of the act of Congress, approved July 1, 1898, to establish a uniform system of bankruptcy, your orator became by operation of law entitled, as such trustee in bankruptcy of the estate of said Harry Smith, to the title and possession of all the property of the said Harry Smith, bankrupt, and to all of the property which was procured by him to be conveyed in fraud of his creditors, as aforesaid, and entitled to sue for and recover the same, as assets of the said bankrupt."

To this bill appellants make answer in which they admit the proceedings and adjudication in bankruptcy and appointment and qualification of appellee as trustee, and his successorship to the title of all the estate of the bankrupt, Harry Smith, as set up in appellee's bill. They deny all the charges of fraud, and aver that one John Smith was the owner of a large amount of real estate, including all the real estate in question; that he left a will which was

duly probated, and that by such will Susan Smith, his wife, took title to all of said real estate and other, and that she conveyed to appellant Nellie S. Smith the portion in controversy in this case, and further aver:

"Respondents most expressly deny that the property in said bill described was in fact or in equity the property of said Harry Smith, or that he ever at any time had any legal or equitable interest in the same."

Upon final hearing the Circuit Court, among other things, adjudged and decreed as follows:

"It is further ordered, adjudged and decreed by the court that the said deed conveying the real estate hereinbefore described from Susan Smith to said defendant Nellie S. Smith * * * became and the same is hereby declared to be fraudulent and void, and that the same be set aside and annulled as against the rights of the complainant as trustee in bankruptcy as aforesaid, and that the legal title to the said real estate in said deed described be vested in the said complainant as trustee as aforesaid, and that the said defendant Nellie S. Smith convey the same to the said complainant as trustee, as aforesaid, by good and sufficient deed of conveyance, to be executed and delivered within thirty days from the date hereof."

The errors assigned upon the record call for a review of the entire decree.

We have not attempted to state this case with any reference to the merits of the controversy, but only with reference to the character of the estate involved; for if it be found that there is a freehold involved in the case as disclosed by the record, then we are wholly without jurisdiction, and have neither the right nor the power to determine the case on its merits, or to render any judgment other than to dismiss the appeal. Where the question between appellant and appellee is one involving title to lands, a freehold is necessarily involved; the Appellate Court can not do otherwise than dismiss the appeal taken by appellant to that court. Eastman v. Littlefield, 164 Ill. 254.

"A freehold is involved within the meaning of the constitution and statute where the necessary result of the judgment is that one party gains and the other loses a

freehold estate, or where the title is so put in issue by the pleadings that the determination of the case necessarily requires a decision of such issue." Prouty v. Moss, 188 Ill. 84.

"A proceeding by bill in chancery to transfer the legal title to real estate from one party to another, involves a freehold." 57 Ill. App. 40. "If both parties claim the fee, which one of them is right must be a question involving a freehold.  *   *   *   The power to investigate is (a) judicial (power) which must precede investigation. If it were held that a freehold was involved only where both parties' claims were well founded, and that the court had jurisdiction until it had ascertained that condition to exist, no case would ever be without the appellate jurisdiction of this (Appellate) Court because it involves a freehold, for no such case could ever arise." Pratt v. Kending, 30 Ill. App. 281.

"In a suit relating to the title to real estate, where a decree is entered setting aside certain deeds under which one of the parties claims title, the result of which is to place the title in the other, the litigation will involve a freehold." Nichols v. Otto, 132 Ill. 91.

"An appeal lies to the Supreme Court from a decree of a Circuit Court setting aside a conveyance of real estate on the ground of fraud, and ordering a reconveyance, as a freehold is involved." Hand v. Waddell, 167 Ill. 402.

To the same effect are Howe v. Warren, 154 Ill. 227; Banking Ass'n v. Com. Nat. Bank, 157 Ill. 576, and many other cases both in the Appellate and Supreme Courts of this State.

Tested by each and all of these authorities upon each and every point, the case before us involves a freehold.

It is true that in a proceeding by the ordinary creditor's bill a freehold may not be and usually is not involved, but the bill in this case is not such a bill, nor are the issues raised here such issues. Such creditor's bill does not proceed upon the theory that title is in the complainant, nor call for transfer of title from a defendant to complainant, nor call for an investigation of the validity of any title; but only as to the consideration for and purpose of the conveyance, and decrees in such cases do not attempt to disturb the title. They only subject the lands in question, for certain equitable reasons, to the payment of certain specified judgments, and it is upon this ground alone that it has

been held in certain cases that a creditor's bill did not involve a freehold. So far as we are advised, in all the cases of that character that have been before our courts, and where it has been held that a freehold was not involved, the fact that at least the equitable title had at some time been in the judgment debtor was not disputed; and in none of these cases did the holder of the legal title claim by title wholly independent, both in law and equity, and from a wholly different source, than through the judgment debtor, so as to make it necessary for the court to pass upon the validity of any title to determine the issue raised by the pleadings; nor did the bill in any of these cases set up title in complainant, or the decree order a conveyance by the defendant to complainant or to any one, or in any manner attempt to determine the validity of any title, or to disturb or dispose of the title in any manner.

For want of jurisdiction in this case the appeal is dismissed, with leave given appellant to withdraw papers. Appeal dismissed.