## Cyrus E. Hanon et al. v. J. W. Jones et al.

1. APPELLATE COURT PRACTICE—*The Court Should Not be Compelled to Read a Long Record to See if There Are Possible Errors.*—The Appellate Court should not be compelled to read a long record to ascertain if possible errors exist, but is entitled to the assistance of counsel in the review of all errors assigned.

2. FREEHOLD—*May be Put in Issue by the Pleadings.*—A freehold is involved within the meaning of the statute and constitution when the title to real estate is so put in issue by the pleadings, that the decision of the case necessarily involves a decision of such issue.

Foreclosure.—Appeal from the Circuit Court of Clay County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1901. Appeal dismissed. Opinion filed March 3, 1902.

G. A. HOFF, attorney for appellants.

R. S. C. REAUGH and H. W. SHRINER, attorneys for appellees.

MR. JUSTICE BIGELOW delivered the opinion of the court. October 1, 1897, appellees Nancy Smith and Henry Smith, mortgaged 100 acres of land in Clay county, Illinois, to one S. R. Johnson, to secure the payment of the sum of $1,000. S. R. Johnson assigned the mortgage to appellee Robert L. Johnson, and on the nineteenth of February, 1901, Robert L. Johnson filed his bill to foreclose the mortgage in the Circuit Court of Clay County. No defense was made to this bill by any of the parties to this record, and the court decreed a foreclosure in accordance with the prayer of the bill. In this court no complaint is made concerning the decree, but the matters sought to be reviewed here involve a number of peculiar dealings by way of leases and contracts for deeds to a portion of the mortgaged premises, and for a disposition of this case by this court it will not be necessary to state the facts *seriatim* in reference to these contracts and leases; but it will be sufficient to state what are the claims of the parties who really litigated this case in the court below.

Appellee Cyrus E. Hanon and two others were sued on a promissory note for the sum of $171.70, before a justice of the peace of Clay county, by appellee A. W. C. Jones Co.; a judgment was rendered by the justice in favor of the plaintiff and against the defendants in that suit; and the defendants appealed to the Circuit Court of the county. In the foreclosure suit appellants filed an answer, which, by agreement of the parties, was also to be taken as a cross-bill against appellees Henry Smith and Nancy Smith, W. E. and J. W. Jones, and praying for a specific performance of a contract for a deed to a portion of the mortgaged premises, the contract being claimed to have been executed by the Smiths. W. E. Jones and J. W. Jones filed an answer to the cross-bill, which, by agreement of the parties, was likewise to be taken as a cross-bill to the first cross-bill, claiming that they (the complainants in the last cross-bill) were the owners of the premises by virtue of a deed alleged to have been executed by the Smiths to themselves for the same premises which are described in the first cross-bill. Thereupon, by the agreement of all the parties, the appeal from the justice of the peace was consolidated with the foreclosure suit. Upon the hearing of all these matters, the court rendered a decree foreclosing the mortgage; in the appeal case judgment was rendered against appellant, Cyrus E. Hanon and the other defendants in that case, for the sum of $186.19; the cross-bill of appellants was dis-. missed for want of equity; the cross-bill of W. E. and J. W. Jones was held to have been proven, and the court rendered a decree in their favor, confirming the title to the land in them and for the removal of appellants' bond for a deed as a cloud on their title.

The record then contains the following:

"To all of said findings and decree of the court the said Cyrus E. Hanon and Kate Hanon except and pray an appeal," etc.

Waiving the question whether the action of the court in finding the issues against appellant Hanon in the appeal case from the justice of the peace is properly before this

court for review, it is sufficient to say that no assignment of errors is abstracted, calling in question the correctness of the court in that behalf, nor are any errors in that respect pointed out in the arguments filed; the entire argument challenges the correctness of the decree, in so far as it relates to the cross-bills only.

Under repeated decisions of this court, the appeal, if any there be on this portion of the record, will not be reviewed. The former fault we might feel disposed to overlook; but this court is entitled to the assistance of counsel in the review of alleged errors.  The court should not be compelled to read a long record to see if there are possible errors somewhere.

A motion has been made to dismiss this case because a freehold is involved in the litigation represented by the cross-bills.   This appeal in nowise draws in question the correctness of the foreclosure decree; were such the condition of this record, and if the respective litigants in the cross-bill had not consented thereto, the matters litigated by the cross-bills would not have been lawfully in the record, and it would have become the duty of the court to have reversed and remanded the case for error in the law of procedure. (Parlin & Orendorf Co. v. Galloway, 95 Ill. App. 60.)   Both from the issues made by the pleadings and by virtue of the decree rendered by the court, it is self-evident that a freehold was the essential fact litigated on the cross-bills.   A freehold is involved when the pleadings put that question in issue.   (Sanford v. Kane, 127 Ill. 591.)  A freehold may be involved when the court removes an instrument as a cloud on the title. The Hibernian Banking Ass'n v. Commercial Nat. Bank, 157 Ill. 576; Humphrey v. Ross, 57 Ill. App. 40.

The claimed title of appellants to the land in controversy, by virtue of the contract from the Smiths, was declared by the decree to be invalid as against the deed from the Smiths to W. E. and J. W. Jones.

The motion is sustained and the appeal dismissed, with leave to appellants to withdraw the record, abstracts and briefs from the files.