W. O. McElroy, Receiver of the Bank of Colfax, Appellee, v. H. B. Allfree, Administrator of the Estate of George D. Wood, Deceased, Elizabeth Wood, Appellants, Clifton D. Wood and Hazel D. Wood, minors, R. N. Stewart, Amelia C. Stewart and Robert J. West, a minor, Appellees.

**Mortgages:** DEED AS SECURITY: ORAL AGREEMENT. The agreement
1  of a grantee in a sheriff's deed, made at the time the certificate was out-standing, to purchase the same and procure and hold the title to the land as security for the sum paid therefor and other debts of the owner, may be shown by parol.

**Evidence:** TRANSACTIONS WITH ONE SINCE DECEASED. One asserting
2  ownership of real estate as against the administrator of a decedent, who at the time of his death held the legal title, is an incompetent witness to any communication or transaction between himself and the decedent; but the statute does not relate to conversations between decedent and another in which the other took no part.

**Mortgages:** ABSOLUTE CONVEYANCE: EVIDENCE. On an issue as to
3  whether land, the title of which was in the name of a decedent, was taken by him and held as security or as an absolute conveyance the evidence is reviewed and held to show that it was in fact a mortgage.

*Appeal from Jasper District Court.*— Hon. Byron W. Preston, Judge.

## Wednesday, June 13, 1906.

Suit in equity to have the title to certain land standing in the name of George D. Wood, deceased, declared to be held by him in trust for the bank of which plaintiff is receiver.   Elizabeth Wood is the widow of George D. Wood, deceased, and she denied the allegations of plaintiff's petition and asked that her interest in the land as a survivor of her husband be protected.   Allfree, the administrator, denied the allegations of plaintiff's petition, pleaded that his intestate was the owner of the land at the time of his death, that the same was needed to pay debts of the estate, and, after setting aside the widow's share, should be subjected thereto.   R. N. and Amelia Stewart filed answers and cross-petitions in which they alleged they were the owners of the land in controversy, that the same was conveyed to Wood as security for a loan of money, and they asked that the deed be declared a mortgage and that they be permitted, after an accounting, to redeem.   Defendants Clifton and Hazel Wood are minor children of George D. Wood, deceased, and they were represented by a guardian *ad litem* who filed an answer in denial of the adverse claims of all parties.   The relation of the other parties to the suit need not be here stated.   Upon these issues the case was tried to the court, resulting in a decree in favor of the Stewards and dismissing all other petitions and claims.   Plaintiff, Elizabeth Wood, and H. B. Allfree, administrator, appeal.— *Affirmed.*     •

*Carr, Hewitt, Parker & Wright* and *McElroy & Cox,* for appellant McElroy.

*Henry Silwold,* for appellant Allfree.

*Ryan, Ryan & Ryan,* for appellant Wood.

*N. T. Guernsey* and *E. J. Salmon,* for appellees Stewart.

*E. J. Salmon,* for appellees Wood and West.

Deemer, J.— George D. Wood, now deceased, was the managing officer and cashier of a partnership composed of himself and Alexander Wood doing a banking business in the town of Colfax, under the name and style of the " Bank of Colfax." George D. Wood died by his own hand and W. O. McElroy was appointed receiver of the bank. Allfree was appointed administrator of the George D. Wood estate. Elizabeth Wood is the widow of George D., and Clifton D. and Hazel are his minor heirs. Prior to the year 1897, R. N. Stewart was the owner of the land in controversy. At divers dates about the year named various parties obtained judgments against Stewart, issued executions, caused the land to be sold thereunder, and sheriff's certificates to be issued thereon. Geo. D. Wood in his own name procured assignments of these certificates and thereafter took deeds thereunder. Plaintiff claims that Wood took them in trust for the bank of which he was cashier, and that he obtained them with money belonging to the bank. This was denied by the administrator of Wood's estate, and by the widow and heirs. R. N. and Amelia Stewart also made denial, and they further claimed that Wood took title to the land as security for money which he had furnished them; that he was in fact a mortgagee, and they asked an accounting, for leave to redeem, and other relief. The Stewart title was established by the trial court and if its finding in this respect be affirmed there is no need for considering the other issues.

We shall first take up that proposition. The claim of the Stewarts in brief is that after their property had gone to sheriff's sale and while certificates were outstanding, they entered into an agreement with Wood whereby he, Wood, agreed to take assignments of the certificates of sheriff's sale, procure deeds to the

1. Mortgages: deed as security: oral agreement.

land, and hold the title as security for the amount advanced, and for other sums which they (the Stewarts) were then owing the bank, until all should be paid. Of course, the legal title when this action was brought was in Wood, in virtue of the sheriff's deeds, and without testimony on any of the issues the administrator, widow, and heirs of Geo. D. Wood would be entitled to a decree. And the first point made by appellants is that the title of the Stewarts was completely and wholly divested by the sheriff's deeds, and that the attempt by the Stewarts to prove a parol agreement with Wood, whereby he was to take the title acquired by him, is an undertaking to prove an express trust by parol in contravention of section 2918 of the Code of Iowa and of the many decisions of this court. It is true that an express trust cannot be established by parol testimony, but a resulting or constructive one may be; and it may also be shown as a general rule that a conveyance, absolute upon its face, was intended as security and was in fact a mortgage. The reasons for this last proposition are fully explained in *Bigler v. Jack,* 114 Iowa, 667, and need not be repeated here.

Appellants, while conceding the rule, insist that it does not apply here for the reason that Wood secured his title from an independent source, to wit, the sheriff's deeds, and not through the Stewarts, and that, in such cases, parol evidence; to show that it was taken as security simply, is not admissible, for that it tends to engraft a trust upon an absolute conveyance from one other than a party in interest. They rely chiefly upon *Dunn v. Zwilling,* 94 Iowa, 233; *Hain v. Robinson,* 72 Iowa, 735, and other like cases. On the other side, it is argued that Wood's title was derivative and not independent, and that, in any event, it was as much a fraud for Wood to take title in the manner he did and then deny the agreement as if he had taken his title directly from the Stewarts instead of the sheriff. In the first place it should be conceded that the holder of a sheriff's deed does not acquire an independent title, but a derivative one, immediately from

the sheriff, but mediately from the judgment debtor. In other words, generally speaking, he gets no other or greater title than the judgment debtor held. This is true both as to foreclosure and judgment sales. *Mathes v. Cover,* 43 Iowa, 512; Jones on Mortgages (6th Ed.) section 1654, and cases cited. The purchaser becomes privy in estate with the mortgagor with respect to the title as it existed when the mortgage was executed, or of the judgment debtor if the sale be under a judgment. So that the title acquired in this case was derivative and not independent. Had title fully passed by sheriff's deed at the time when it is claimed Stewart made his agreement with Wood, there might be some ground for holding that such an agreement is in the nature of a trust and cannot be established by parol.

Authority for this seems to be found in the cases relied upon by appellants, or at least in some of the language used therein. But that is not the case here. At the time it is claimed the agreement was made Stewart in fact had title to the land, although sheriff's certificates of sale were outstanding against it. These certificates did not, under familiar doctrine, transfer title; they created liens, which time alone would ripen into titles, but until that time arrived, the title still remained in the judgment defendant. That one holding title with a right of redemption either from tax, judgment, or mortgage sale may establish such an agreement as is here claimed by parol is well established by our cases and is the rule generally established everywhere. See *Judd v. Mosely,* 30 Iowa, 423; *Jordon v. Brown,* 56 Iowa, 821; *Byers v. Johnson,* 89 Iowa, 278; *Green v. Turner,* 38 Iowa, 114; *Rogers v. Davis,* 91 Iowa, 730; *Trucks v. Lindsey,* 18 Iowa, 504; *Stanbrough v. Daniels,* 77 Iowa, 561; *Nichols v. Otto,* 132 Ill. 91 (23 N. E. 411); *Dodge v. Brewer,* 31 Mich. 227; *McNew v. Booth,* 42 Mo. 189; *Shoemaker v. Porter,* 41 Iowa, 197; *Leahey v. Witte,* 123 Mo. 207 (27 S. W. 402); *Martell v. Gillespie,* 11 Vesey, 356; *Beegle v. Wentz,* 55 Pa. 369 (93 Am. Dec. 762); *Arnold v. Cord,* 16

Ind. 177; *Slowey v. McMurray,* 27 Mo. 113 (72 Am. Dec. 251). The reason for this is that equity disregards forms and looks to the substance of transactions, and, if the transaction in fact be a mortgage, no matter how the title passed, equity will so declare. There are some expressions in the opinions cited by appellant which seem to run counter to this, but they were either not necessary to the decision, or are squarely in conflict with the rules announced in the cases just cited, and should be disregarded.

Having settled the fundamental legal proposition, we are ready for the facts of the case; and in this connection it is insisted that R. N. Stewart was incompetent as a witness 2. EVIDENCE: to any personal conversations or transactions between himself and the deceased Wood. The main issues in the action so far as Stewart is concerned are between Stewart and Wood's administrator. Wood had the record title to the land at the time he died; consequently, as to this issue, Stewart was an incompetent witness. The testimony of Mrs. Stewart, the wife of R. N. Stewart, regarding communications and transactions in which she had no part was perfectly competent. *Mallow v. Walker,* 115 Iowa, 238. And so was the testimony of one James Stewart, who, so far as shown, had no interest in the controversy. Part of the testimony of R. N. Stewart was admissible, and so was a part, if not all, of the testimony of a witness by the name of Meier.

As to the issues between the receiver and the Stewarts, the question of the admissibility of R. N. Stewart's testimony is more difficult. It may be that his testimony would be admissible, but, in order to obtain any relief as against him, he must establish his title as against Wood. That the testimony would be admissible in a controversy between the receiver and Stewart alone seems to be held in *Ruddick v. Otis,* 33 Iowa, 402. But, as all parties are in the case, this becomes largely a moot question, unless the final issue should be that of ejecting defendants Stewart from the possession

of the property in an action brought by the receiver for that purpose.

Throwing out all incompetent testimony, we have come to the conclusion, after a careful study of the record, that the Stewarts have established the fact that Wood took and held title to the land not only as security for their existing indebtedness to the bank of which he was cashier, but for the advancements made by him to secure the assignments of the certificates of sale as well as some other advancements to be made by him. Stewart has always been in possession of the land and has made valuable improvements thereon, although part of the time he had apparently leased the land of Wood, under which however he paid no rent. Wood received something like $19,-000 from the land, $10,000 coming from a sale of coal under the land, which was used in paying Stewart's indebtedness, and $9,000 from a loan secured by mortgage upon the land, part of which was used for the same purpose. Before his death and on March 12, 1903, Wood gave Stewart a statement showing a balance then due from Stewart of $658.95, and this included an item on account of services rendered. The books of the bank clearly indicate that this property was treated as belonging to Stewart. Stewart was charged with all advancements made for him, with expenses, interest, and compensation for Wood's services. He was credited with all returns from the land except rentals, and whatever may be due from Stewart to Wood or the bank is now the subject of litigation in another action — this not being an adjudication thereof. It further appears that practically all the negotiations for the sale of the coal were conducted by Stewart. Moreover there is an express written declaration from Wood in the record to the effect that he held the Stewart land as security and would quitclaim the same to him (R. N.) upon payment of the indebtedness. Neither Wood nor the bank paid taxes on the land, nor did they receive any rentals therefrom. Not only this, but Stewart paid

*3. Mortgages: absolute conveyance: evidence.*

all the expenses of some litigation concerning this land after the title was placed in Wood. Taking the testimony as a whole, and this is but a part of it, the conclusion is irresistible that Wood held title to the land as security only, and that the amount for which he held it has been, to all intents and purposes, fully paid.

We shall not set out more of the testimony, as to do so would unduly extend this opinion. The law and the facts seem to be with the defendants Stewart. We need not further consider the case for, with this conclusion, the result is apparent. We may say, however, that it is doubtful if plaintiff could recover, in any event, on account of his failure to show that any of the property is needed to pay debts of the bank; while the estate of George Wood is shown to be insolvent and the real estate is needed to pay his individual creditors. *Crary v. Kurtz* (Iowa) 105 N. W. 590; *Roney v. Conable,* 125 Iowa, 664, and cases cited. Further we should be constrained to hold, were the issue between the receiver and the administrator, widow, and heirs of law of Geo. D. Wood alone, that the receiver is entitled to the land as property belonging to the bank. Finding, as we do, however, that the Stewarts are the equitable owners of the land, and are entitled to have their title quieted, there is no need for considering these other matters.

The decree of the trial court is correct, and it is *affirmed.*