SCANLAN, Appellant, v. HOLM, Respondent.

(184 N. W. 799.)

(File No. 4850.    Opinion filed October 19, 1921.)

Redemption—Mortgages—Deed of Mortgaged Land, Redemption
From Mortgage Sales as Consideration of—Grantee's Failure
to Redeem, Taking of Sheriff's Deed By—Deeds as Mortgage,
Mortgagor's Right to Redeem.

Where an owner of land subject to outstanding mortgage
foreclosure sale certificates, agreed with a banker that in con-
sideration of the latter's taking up of two outstanding sale
certificates and taking up first mortgage on the premises and
securing mortgagor a new loan, he would, and thereafter did,
execute to the banker a warranty deed on the land as security;
the banker having taken up two sale certificates, but, failing
to redeem from foreclosure sale under first mortgage, took out
a sheriff s deed; held, that the evidence was sufficient to sus-
tain findings and judgment that the evidence warranty deed and sheriff's
deed constituted mortgages, and allowing mortgagor to redeem
by repaying to banker what he had paid out with interest.    So
held, under Sec. 1549, Code 1919, providing that every transfer
of an interest in property, other than in trust, made only as
security for performance of another act, is to be deemed a
mortgage, etc., and following Wilson v. McWilliams, 16 S. D.
96; this in view of banker's admission that he had intended to
reconvey the premises upon such repayment to him, but, on
mortgagor's failure to apply proceeds of certain crops upon the
indebtedness, he had decided to retain the premises, he however
failing to notify mortgagor of such change until bringing of
present suit to determine adverse claim, the land meanwhile
materially advancing in value.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Clark County.   Hon. WILLIAM
N. SKINNER, Judge.

Action by John Scanlan, against Tollef H. Holm, to deter-
mine adverse claims to realty.   From a judgment for Defendant
and from an order denying a new trial, Plaintiff appeals.   Af-
firmed.

*R. A. Dunham, J. M. Henderson,* and *Hall & Purdy,* for
Appellant.

*McFarland & Kremer,* for Respondent.

Appellant cited:   Dunn v. Zwilling, 94 Iowa, 233, 62 N. W.
746.

Respondent cited:   McElroy v. Allfree, 131 Iowa, 112, 117
A. S. R. 412.

GATES, J. This action to determine adverse claims to three quarter sections of land in Clark county was begun in October, 1919. The defendant admitted the execution and delivery of a warranty deed of the premises by him to plaintiff, and admitted that plaintiff thereafter obtained a sheriff's deed of the premises under mortgage foreclosure, but alleged that the said warranty deed and sheriff's deed in reality constituted a mortgage. The trial court so found, and adjudged defendant to be the owner of the premises, subject to the lien of plaintiff thereon for moneys advanced, amounting, with interest to April 7, 1920, the date of the judgment, to the sum of $15,604.73, and the defendant was given 90 days within which to repay plaintiff said sum of money with interest. Plaintiff has appealed from the judgment and order denying new trial.

Appellant concedes that the warranty deed was taken as security, and therefore by reason of the statute hereinafter mentioned it was in reality a mortgage, but contends that the sheriff's deed was not. The testimony offered on behalf of respondent tended to show that respondent entered into an agreement with appellant, a banker, in the spring of 1909 whereby appellant agreed to take up two certain certificates of mortgage foreclosure, and to take up a first mortgage of $4,000 on the premises and to secure respondent a new loan; in consideration of which respondent conveyed the land as security. The two certificates of mortgage sale were taken up at that time, but the first mortgage was not taken up until November 1, 1915, a time near the end of the period of redemption from foreclosure sale, when appellant secured an assignment of the sheriff's certificate, and on November 10, 1915, he obtained a sheriff's deed. Appellant admitted that he had at all times until the latter part of the year 1918 intended to reconvey the premises to respondent upon repayment to him of his investment with interest, but that, because respondent failed to apply the proceeds of the 1918 crop upon the debts due plaintiff and plaintiff's banks, and applied them upon other debts, he (the appellant) changed his mind and decided to retain the premises. He did not, however, give respondent any notice of such change of mind until the bringing of this action. It is a significant fact that in 1918-19 there was a decided advance in the value of farm lands in that vicinity, as well as throughout the state. It is also

significant that respondent had at all times been in possession of the lands and that appellant had not asked for the payment of rent, nor had respondent paid any rent.

Without going further into the multitude of details, we are of the opinion that the evidence was sufficient to sustain the findings of the trial court; that no prejudicial error was committed by the court in the reception of testimony; and that, upon the authority of Rev. Code 1919, § 1549, and of Wilson v. McWilliams, 16 S. D. 96, 91 N. W. 453, and McElroy v. Allfree, 131 Iowa, 112, 108 N. W. 116, 117 Am. St. Rep. 412, the judgment and order appealed from must be affirmed.

It will be so ordered.

SMITH and McCOY, JJ., not sitting.